Zerrie L. HINES, Appellant,

v.

**THE COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 13–99–233–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 17, 2000.

---

3. Tex. Pen.Code § 19.03 defines the offense of capital murder.

Joseph Rutherford Willie, Houston, for appellant.

Luis Andres Paredes, Office of General Counsel, State Bar of Texas, Houston, Linda Acevedo, Asst. Disciplinary ·Counsel, Austin, for appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

1. "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Tex. DISCIPLINARY R. PROF'L CONDUCT 1.03(a), *reprinted in* Tex. Govт.CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (Tex. STATE BAR R. art. X, § 9).

2. "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Tex. DISCIPLINARY R. PROF'L CONDUCT 1.03(b).

## OPINION

Opinion by Justice HINOJOSA.

This is an attorney discipline case. Appellee, the Commission for Lawyer Discipline (the "Commission"), initiated a disciplinary action against appellant, Zerrie L. Hines, and the case was tried in the 127th District Court of Harris County. The trial court: (1) found that appellant had violated Texas Disciplinary Rules of Professional Conduct 1.03(a),[1] 1.03(b),[2] and 1.15(d),[3] (2) ordered that he be given a public reprimand, and (3) ordered him to pay $1,000 in attorney's fees. By two issues, appellant contends: (1) the trial court erred in denying his "no evidence" motion for summary judgment, and (2) the evidence is factually and legally insufficient to support the trial court's judgment. We affirm.

Appellant agreed to handle a child support enforcement hearing for Nancy A. Hennessy when Hennessy's attorney, Alicia Johnson, moved to Fort Worth. Johnson arranged for appellant to handle the hearing, and Hennessy paid appellant $500 for his services. Appellant met with Hennessy, her husband, and her son to discuss the case. At the time the hearing was scheduled, Hennessy's ex-husband did not appear and could not be located, and the hearing was reset. At the next hearing, appellant continued representing Hennessy. At the conclusion of the hearing, the judge dismissed the case because Hennessy's pleadings were not proper.

The record reflects that Hennessy was very upset. Appellant told Hennessy only that she had a right to appeal. He did not

3. "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation." Tex. DISCIPLINARY R. PROF'L CONDUCT 1.15(d).

file new pleadings. After the hearing, appellant failed to maintain contact with Hennessy. Hennessy tried many times to contact appellant, but appellant made no effort to reply until after Hennessy filed a grievance against him. By then, it was too late to file an appeal.

The Commission determined that appellant was culpable for his actions, and appellant elected to have the complaint heard in a district court of Harris County, without a jury. TEX.R. DISCIPLINARY P. 2.14, *reprinted in* TEX. GOVT.CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998). The Commission filed a disciplinary petition, TEX.R. DISCIPLINARY P. 3.01, and the supreme court appointed Judge Dean R. Keith to hear the case. TEX.R. DISCIPLINARY P. 3.02. Appellant filed a "no evidence" motion for summary judgment under Texas Rule of Civil Procedure 166a(i), but the trial court denied the motion. After a trial on the merits, the trial court found that appellant had violated Texas Disciplinary Rules of Professional Conduct 1.03(a), 1.03(b), and 1.15(d). The trial court entered judgment against appellant, ordered that he be given a public reprimand, and ordered him to pay $1,000 in attorney's fees. This appeal ensued. TEX.R. DISCIPLINARY P. 3.16.

### 1. *Summary Judgment*

■ In his first issue, appellant complains the trial court erred in denying his no evidence motion for summary judgment. The general rule is that appellate courts do not have jurisdiction to hear denied motions for summary judgment on appeal. *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *Highlands MGMT. Co. v. First Interstate Bank of Tex., N.A.,* 956 S.W.2d 749, 752 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Appellant contends there should be

an exception to this general rule because the federal courts allow review of a denial of a no evidence motion for summary judgment after a trial on the merits,[4] and the Texas no evidence motion for summary judgment was modeled after the federal rule.

■ The Texas Supreme Court order approving the amendment to Rule 166a of the Texas Rules of Civil Procedure which authorized the no evidence motion for summary judgment provides in relevant part:

> The comment appended to these changes, unlike other notes and comments in the rules, is intended to inform the construction and application of the rule.

Order in Misc. Docket No. 97–9139, dated August 15, 1997, published in 60 TEX. B.J. 872 (Oct.1997). The comment appended to the changes states in relevant part:

> The denial of a [no evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i) ] is no more reviewable by appeal or mandamus than denial of a [motion for summary judgment under Texas Rule of Civil Procedure 166a(c) ].

TEX.R. CIV. P. 166a cmt. to 1997 change. Following this guidance from the supreme court, we conclude we have no jurisdiction to review the trial court's denial of appellant's no evidence motion for summary judgment. We overrule appellant's first issue.

### 2. *Sufficiency of the Evidence*

In his second issue, appellant contends the evidence is factually and legally insufficient to support the verdict of the trial court.

---

**4.** *See e.g. Dickinson v. Auto Center Mfg. Co.,* 733 F.2d 1092, 1102 (5th Cir.1983) ("Under the final appealability rule, a party may obtain review of prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment, at which time the interlocutory rulings (nonreviewable until then) are regarded as merged into the final judgment terminating the action."); *Kamen v. Kemper Fin. Servs.,* 908 F.2d 1338, 1341 (7th Cir. 1990).

When we review the legal sufficiency of the evidence, we must consider all of the record evidence in a light most favorable to the party in whose favor the verdict has been rendered, and indulge in that party's favor every reasonable inference deducible from the evidence. *Formosa Plastics v. Presidio Engineers*, 960 S.W.2d 41, 48 (Tex.1998). A legal sufficiency point must and may only be sustained when the record discloses: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; and (4) the evidence established conclusively the opposite of the vital fact. *Juliette Fowler Homes, Inc. v. Welch Assoc.*, 793 S.W.2d 660, 666 n. 9 (Tex.1990). If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is not more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). The test for the application of this no evidence/scintilla rule is: if reasonable minds cannot differ from the conclusion, then the evidence offered to support the existence of a vital fact lacks probative force, and it will be held to be the legal equivalent of no evidence. *Id.*

When we review the factual sufficiency of the evidence, we consider, weigh and examine all of the evidence which supports or undermines the finding of the trier of fact. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We review the evidence, keeping in mind that it is the fact finder's role, not ours, to judge the credibility of the evidence, to assign the weight to be given to testimony, and to resolve inconsistencies within or conflicts among the witnesses'

testimony. *Corpus Christi Teachers Credit Union v. Hernandez*, 814 S.W.2d 195, 197 (Tex.App.—San Antonio 1991, no writ). We then set aside the verdict only when we find that the evidence standing alone is too weak to support the finding or that the finding is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Garza*, 395 S.W.2d at 823.

Appellant did not request findings of fact and conclusions of law, and none were made by the trial court. In the absence of findings of fact and conclusions of law, we must presume that the trial court made all necessary findings to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). It is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). The judgment of the trial court must be affirmed if it can be upheld on any legal theory supported by the evidence. *In re W.E.R.*, 669 S.W.2d at 717.

Appellant argues the evidence shows that: (1) the only written contract was between Hennessy and Johnson, (2) Hennessy never paid for appellate representation, (3) Johnson remained Hennessy's attorney of record, and (4) the Commission failed to present any evidence of an adverse judgment against Hennessy. However, none of this evidence negates the implied findings by the trial court necessary to support a violation of rules 1.03(a), 1.03(b), or 1.15(d). *See Roberson*, 768 S.W.2d at 281.

Appellant accepted money to represent Hennessy. He did not·file the necessary amendment to Hennessy's pleadings to keep Hennessy's case from being dismissed. He failed to inform Hennessy of her options after the adverse ruling so that she could make an informed decision. He did not promptly comply with reasonable

requests for information and failed to protect her interests after he stopped representing her. If appellant believed that his representation had terminated or that Johnson was going to further advise Hennessy, he could easily have made that clear to her, either orally or in writing. He did neither.

We hold the evidence is legally and factually sufficient to support the trial court's finding that appellant violated Texas Disciplinary Rules of Professional Conduct 1.03(a), 1.03(b), and 1.15(d). We overrule appellant's second issue.

We affirm the judgment of the trial court.