NUMBER 13-01-388-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

 



 

   IN THE INTEREST OF A.L., M.L.,
AND P.M., MINOR CHILDREN



 

 

                  On appeal from the 267th
District Court

                           of Victoria
County, Texas.



 

 

                              O P I N I O N

 

         Before Chief Justice Valdez and Justices Hinojosa
and Castillo

                                  Opinion by Justice Castillo

 

Appellant Joe Longoria
appeals from a trial court order terminating his parental rights in reference
to three children.  In a single issue,
appellant argues that the trial court erred in terminating his parental rights
because he demonstrated an ability to vicariously care for his children.  We affirm.

Facts








Longoria is the father
and sole parent of three minor children, A.L., M.L., and P.M.[1]  He is currently an inmate serving two
concurrent 99-year prison sentences with the Texas Department of Criminal
Justice-Institutional Division.  In 1995,
the Texas Department of Protective and Regulatory Services (ATDPRS@) sought and was
awarded temporary managing conservatorship of the three children due to the
threat to the children=s physical and
emotional health posed by Longoria and his wife.[2]  The children have remained in TDPRS custody
since 1995.  Amended ASuit Affecting the
Parent-Child Relationship@ (ASAPCR@) petitions were filed
on February 5, 1997, and June 17, 1999, seeking termination of Longoria=s parental rights on
several grounds.[3]  On July 19, 1999, a hearing was held on the
June 17, 1999 petition.  At that hearing,
the request to terminate Longoria=s parental rights was
denied.  The parental rights of the
children=s mother were
terminated, and TDPRS was appointed sole managing conservator of the
children.  Longoria was appointed
possessory conservator.








TDPRS subsequently filed what it titled a AThird Amended Petition@ seeking to terminate
Longoria=s parental rights on
November 3, 2000.[4]  Pursuant to the November 3, 2000 petition, a
termination hearing was held on May 15, 2001. 
The trial court found that Longoria had engaged in criminal conduct that
resulted in his imprisonment for not less than two years,[5]
and found that termination was in the best interest of the children[6]
citing Longoria=s failure to
demonstrate an ability to care for his children during his absence.  An order terminating Longoria=s parental rights was
entered on May 24, 2001. 

Jurisdiction

We first must address
our jurisdiction to hear this appeal. 
There is a jurisdictional question in this case because there was no
dismissal date set at the July 19, 1999 hearing for termination of Longoria=s parental rights.  Such a dismissal date is explicitly required
by section 263.401 of the family code for the trial court to retain
jurisdiction.  Tex. Fam. Code Ann. ' 263.401 (Vernon Supp.
2002).  We requested that both parties
submit a brief to us on this issue, and both complied with this request.  








The trial court entered the initial order awarding temporary managing
conservatorship to TDPRS in 1995.  The
awarding of temporary managing conservatorship to TDPRS is governed by section
263.401 of the family code.  Tex. Fam. Code Ann. ' 263.401 (Vernon Supp.
2002).  Section 263.401, enacted on
September 1, 1997, states in relevant part that:

Unless the court has
rendered a final order or granted an extension under Subsection (b), on the
first Monday after the first anniversary of the date the court rendered a
temporary order appointing the department as temporary managing conservator,
the court shall dismiss the suit affecting the parent-child relationship filed
by the department that requests termination of the parent-child relationship or
requests that the department be named conservator of the child.

 

Tex.
Fam. Code Ann. ' 263.401(a) (Vernon
Supp. 2002).  In enacting section
263.401, the Texas Legislature specifically stated that it was retroactively
applicable to cases filed before the enactment of that section: 

SECTION 14. (a) The
change in law made by this Act takes effect January 1, 1998. (b) Except as
provided by Subsection (c) of this section, this Act applies to a pending suit
affecting the parent-child relationship regardless of whether the suit was
commenced before, on, or after the effective date of this Act.

 

Act of Sept. 1, 1997,
75th Leg., R.S., ch. 603, '14, 1997 Tex. Gen.
Laws 603.

Subsection (c) states
that:  

If the Department of
Protective and Regulatory Services has been appointed temporary managing
conservator of a child before January 8, 1998, the court shall at the first
hearing conducted on or after that date under Chapter 263, Family Code,
establish a date for dismissal of the suit not later than the second
anniversary of the date of the hearing, unless the court has rendered a final
order before the dismissal date.

 








Act of Sept. 1, 1997,
75th Leg., R.S., ch. 603, '14, 1997 Tex. Gen.
Laws 603.

We interpret the
statute that is clear and unambiguous by looking at the plain meaning of the
statute=s words.  St. Luke=s Episcopal Hosp. v.
Agbor,
952 S.W.2d 503, 505 (Tex. 1997); Sorokolit v. Rhodes, 889 S.W.2d 239,
241 (Tex. 1994).  We must take the
statute as we find it, and seek to implement a true and fair interpretation of
the law as it was intended by the legislature. 
Albertson=s, Inc. v. Sinclair, 984 S.W.2d 958, 960
(Tex. 1999).  We may deviate from
following the plain meaning of the statute where it produces absurd results or
when doing so would be obviously contrary to the legislature=s intent.  Bridgestone/Firestone, Inc. v. Glyn-Jones,
878 S.W.2d 132, 134 (Tex. 1994); Sharp v. House of Lloyd, Inc., 815
S.W.2d 245, 249 (Tex. 1991).  The intent
of the legislature in enacting section 263.401 was to carry out the
recommendation of the Governor=s Committee that
parental rights be terminated, or the families reunified, within twelve months
of the appointment of a temporary administrator.  In re Bishop, 8 S.W.3d 412, 417 (Tex.
App.BWaco 1999, orig.
proceeding).  








As the legislature
ordered in chapter 603 section 14(a), family code section 263.401 applies
retroactively to the instant case even though it was filed before the effective
date of the section.  Act of Sept. 1,
1997, 75th Leg., R.S., ch. 603, '14(a), 1997 Tex. Gen.
Laws 603.  However, since the order
appointing TDPRS temporary managing conservator took place in 1995, at the time
of the passage of section 263.401(a) on September 11, 1997, it would have been
impossible for the trial court to have met its requirement that the trial court
render a final order or dismiss within one year of the order appointing TDPRS
temporary managing conservator, since well over a year had passed since the
initial order.   The legislature
therefore created in section 14(3) of chapter 603 a different standard for
analyzing the dismissal time required where TDPRS was appointed temporary
managing conservator of the three children before January 8, 1998.  This requirement states that the trial court Ashall at the first hearing
conducted on or after that date under Chapter 263, Family Code, establish a
date for dismissal of the suit not later than the second anniversary of the
date of the hearing.@   Act of Sept. 1, 1997, 75th Leg., C.S., ch.
603, '14(c), 1997 Tex. Gen.
Laws 603 (emphasis added).  The placement
of the word Ashall@ in the enactment
indicates that this requirement is mandatory.  
See Tex. Gov=t
Code Ann.
' 311.016(2) (Vernon
1998).  








In this case, a
hearing was held on July 19, 1999 concerning the termination of Longoria=s parental rights as
well as the rights of the children=s mother, Laura.  At that hearing, the trial court determined
that Laura=s parental rights
should be terminated, and that Longoria=s rights should not be
terminated.  An order to that effect was
signed on January 24, 2000. Although no dismissal date was set at that hearing,
as was required by chapter 263.401, the trial court did comply with the session
law which allowed the court to alternatively render a final order on the
termination of Longoria=s parental
rights.   The subsequent hearing on May
15, 2001, which related to the November 3, 2000 petition, had no relation to
the court=s compliance with
chapter 263.401(a), because a final order had already been rendered determining
Longoria=s parental
rights.  With the filing of the new
petition, the second amended petition was no longer relevant to the issue of
jurisdiction, and the requirements of chapter 263.401 began anew as of the date
that the November 3, 2000 petition was filed. 


Therefore, we find
that the order made pursuant to the November 3, 2000 petition was valid.  Accordingly, we have jurisdiction to rule on
this appeal.

Analysis

In appellant=s sole issue
presented, he argues that the trial court erred in terminating his parental
rights because he demonstrated an ability to vicariously care for his children
through his sister. 








Termination of
parental rights is a drastic measure and is of such weight and gravity that due
process requires that the petitioner seeking to terminate the parent=s rights justify the
termination by clear and convincing evidence. 
Tex. Fam. Code Ann. ' 161.206(a) (Vernon
Supp. 2002); In re A.R.R., 61 S.W.3d 691, 697 (Tex. App.BFort Worth 2001, pet.
denied).  Clear and convincing evidence
should produce in the trier of fact Aa firm belief or
conviction as to the truth of the allegations sought to be established.@  Tex.
Fam. Code Ann. ' 101.007 (Vernon Supp.
2002).  This is an intermediate standard
of proof, falling between the preponderance of the evidence standard used in
civil proceedings and the beyond a reasonable doubt standard applied in
criminal trials.  In re A.L.S., 74
S.W.3d 173, 177 (Tex. App.BEl Paso 2002, no pet.
h.).








We construe appellant=s challenge to the
termination of his parental rights as a challenge to the legal and factual
sufficiency of the evidence to support the finding of the trial court that
appellant was unable to care for the child for not less than two years due to
his imprisonment.  See Tex. Fam. Code Ann. ' 161.001(1)(Q)(ii)
(Vernon Supp. 2002).  In evaluating the
legal sufficiency of a termination of parental rights, we apply the standard
for legal sufficiency traditionally applied in civil trials.  In re A.L.S., 74 S.W.3d 8 at 178
(citing Edwards v. Dep=t of Protective &
Regulatory Servs., 946 S.W.2d 130, 137 (Tex. App.BEl Paso 1997, no
writ)).  We review the legal sufficiency
challenge by considering all the evidence in the light most favorable to the
prevailing party, indulging every reasonable inference in that party=s favor.  Formosa Plastics Corp. v. Presidio Eng=rs & Contractors,
Inc.,
960 S.W.2d 41, 48 (Tex. 1998); Norwest Mortgage, Inc. v. Salinas, 999
S.W.2d 846, 853 (Tex. App.BCorpus Christi 1999,
pet. denied).  A Ano evidence@ standard of review is
applied when the party not bearing the burden of proof at trial challenges a
finding of fact by arguing that the evidence is legally insufficient to support
the finding.  Hickey v. Couchman,
797 S.W.2d 103, 109 (Tex. App.BCorpus Christi 1990,
writ denied).  A legal sufficiency point
may only be sustained when the evidence conclusively establishes the absence of
a vital fact, the record discloses no more than a mere scintilla of evidence to
prove a vital fact, or the court is bound by rules of law or evidence from
giving weight to the only evidence offered to prove a vital fact.  Hines v. Comm=r for Lawyer
Discipline, 28 S.W.3d 697, 701 (Tex. App.BCorpus Christi 2000,
no pet.).

The standard of review
for factual sufficiency of the evidence stemming from a case in which the
burden of proof at trial was clear and convincing evidence is whether the
evidence is such that a reasonable trier of fact could form a firm belief or
conviction that grounds exist for termination. 
In re C.H., 45 Tex. Sup. Ct. J. 1000, 2002 Tex. LEXIS 113, *2
(Tex. July 3, 2002).  We will reverse for
factual sufficiency therefore only if we find that the trier of fact could not
have reasonably formed such a firm conviction or belief.  Id. at *27.  This is a heightened standard of review,
compared with that applied to an appeal stemming from a traditional civil
trial.  Id. at *22.

As previously noted,
the trial court made a determination that Longoria=s rights not be
terminated on July 19, 1999.  TDPRS filed
a subsequent petition for termination of Longoria=s parental rights on November 3, 2000.  This relief was granted, and Longoria=s parental rights were
terminated for the stated reason that: 

This Court finds by
clear and convincing evidence that JOE LONGORIA has knowingly engaged in
criminal conduct that resulted in the parent=s imprisonment and inability to care for the
children for not less than two years from the date of filing the petition.

 

The court further
found that termination of the parent-child relationship was in the children=s best interest.[7]  








Termination of the
parent-child relationship due to criminal confinement of the parent is
permitted under family code section 161.001(1)(Q), where the parent:

(Q) knowingly engaged
in criminal conduct that has resulted in the parent=s:

(i)       conviction of an offense; and 

(ii)      confinement or imprisonment and inability
to care for the child for not less than two years from the date of filing of
the petition.

 

Tex.
Fam. Code Ann. ' 161.001(1)(Q) (Vernon
Supp. 2002).  After a court has denied a
petition to terminate parental rights, the parent=s rights may be subsequently terminated when the
requirements of family code section 161.004 are met.  That section provides that:

 

(a) The court may
terminate the parent-child relationship after rendition of an order that
previously denied termination of the parent-child relationship if: 

(1) the petition under
this section is filed after the date the order denying termination was
rendered; 

(2) the circumstances
of the child, parent, sole managing conservator, possessory conservator, or
other party affected by the order denying termination have materially and
substantially changed since the date that the order was rendered;

(3) the parent committed
an act listed under section 161.001 before the date the order denying
termination was rendered; and

(4) termination is in
the best interest of the child.

(b) At a hearing under
this section, the court may consider evidence presented at a previous hearing
in a suit for termination of the parent-child relationship of the parent with
respect to the same child.

 

Tex.
Fam. Code Ann. ' 161.004 (Vernon Supp.
2002).  

 








Under this rule,
therefore, the trial court was permitted to consider evidence previously
submitted regarding the termination of Longoria=s parental rights.  Id. ' 161.004(b).[8]


We find that the
evidence was sufficient to support the trial court=s termination of
Longoria=s parental rights
under the applicable standards for both legal and factual sufficiency.  It is undisputed that Longoria is unable to
care for the children himself due to his incarceration in prison under two
concurrent 99-year sentences beginning on August 26, 1998. 

Instead, Longoria
relies on In re Caballero, a recent opinion issued by the Amarillo Court
of Appeals holding that a parent who is incarcerated for more than two years
may nonetheless demonstrate an ability to care for his child by showing that he
can arrange to leave the child with someone else, thus satisfying his burden
under section 161.001(1)(Q).  In re
Caballero, 53 S.W.3d 391, 391 (Tex. App.BAmarillo 2001, pet. denied).   It is the parent, and not TDPRS, who has the
burden to produce some evidence demonstrating the ability to care for the child
by this proxy method.  Id.  Once the parent has presented some
evidence demonstrating his ability to care for the child, TDPRS has the burden
of proving that this arrangement is untenable. 
Id.  








In respect to this
burden, Longoria asserted to the trial court that his sister, Blanca Longoria,
was capable of caring for the children. 
Blanca Longoria testified in court that she would be willing to care for
the children while Joe Longoria was in prison, even though that would likely
mean that she would keep them until their eighteenth birthdays.

However, TDPRS
proffered evidence indicating that the arrangement proposed by Longoria would
be untenable.  TDPRS entered into
evidence the results of a home study conducted between February 1996 and
January 1997.  The purpose of the home
study was to analyze the home of Blanca Longoria for possible permanent
placement for Longoria=s children.  A Child Protective Services employee met with
Blanca Longoria and Petra Longoria, Longoria=s elderly mother who lives with Blanca, on two
occasions.  The CPS employee further
accompanied Blanca and Petra Longoria on an occasion in which they took the
children to the zoo.  The determination
made as a result of this study was that the household was not recommended for
placement of the children.  Reasons given
for this recommendation included: the insistence of the family that corporal
punishment be used, the prior criminal history of Petra Longoria, the potential
risks presented by contact with the children=s father, and the lack of long-term commitment to
the children demonstrated by both Blanca and Petra Longoria.  








Further, Kathryn
Parsons-Key, a counselor working for Child-Family Adult Consultants, testified
for TDPRS, stating that she had spoken with the children about the possible
living arrangements for them.  According
to Parsons-Key, the children indicated that they were comfortable living with
the foster family assigned by TDPRS, and that they preferred to remain there.  Parsons-Key further testified that the
children were not comfortable with the possibility of living with their
relatives, because they Awouldn=t know when something
might happen and then [they would] have to go through all of this again.@    

Blanca Longoria
herself testified that her fiancé and she already had four children living in
their household; therefore, adding Longoria=s three children would create a situation in
which they were caring for seven children, in addition to caring for
Petra.  Blanca Longoria also testified
that Petra was not capable of caring for the children due to her health.  

We find this evidence
sufficient to meet the standards for legal and factual sufficiency, proving
that Longoria=s proposal that Blanca
care for the children would be untenable. 
Considering all the evidence in the light most favorable to the
prevailing party, we find that the evidence does not conclusively establish the
absence of a vital fact necessary to support the termination of Longoria=s parental rights, nor
does the record disclose no more than a mere scintilla of evidence to prove a
vital fact, nor are we bound by rules of law or evidence from giving weight to
the only evidence offered to prove a vital fact.  Formosa Plastics, 960 S.W.2d at 48; Hines,
28 S.W.3d at 701.  Further, we find that
the evidence was such that a reasonable trier of fact could have formed a firm
conviction that grounds exist for termination. 
In re C.H., 2002 Tex. LEXIS 113 at *2.  Therefore, the trial court did not err in
terminating Longoria=s parental rights
under family code section 161.001(1)(Q) and its attendant case law.     We
overrule Longoria=s sole issue
presented.








Conclusion

Accordingly, we affirm
the judgment of the trial court.   

 

ERRLINDA CASTILLO

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 22nd day of
August, 2002.

 











[1]
At the time of the trial in May of 2001, A.L. was 12 years old, M.L. was 10
years old, and P.M. was 8 years old.  The
mother of these three children, Laura Longoria, had her parental rights
terminated on January 24, 2000. 





[2]
Longoria was in prison at the time that TDPRS filed its initial petition.  He was paroled in February 1997, and returned
to prison on new charges in August of 1998.
 





[3]
The June 17, 1999 TDPRS petition alleged that Longoria:

 

Constructively abandoned
the child(ren) . . . for not less than six months and: (1) the Department or
authorized agency has made reasonable efforts to return the child to the
parent; (2) the parent has not regularly visited or maintained sufficient
contact with the children; and (3) the parent has demonstrated an inability to
provide the children with a safe environment . . . and [Longoria has] knowingly
engaged in criminal conduct that resulted in the parent=s
imprisonment and inability to care for the child(ren) for not less than two
years from the date of filing the petition. 





[4]
 The trial court noted that
this was Alabeled,
>Third
Amended Petition,= but
it is [in fact] a new petition.@ The document entitled AThird
Amended Petition@ was
filed under the same cause number as the previous petitions.  A decision to not terminate Longoria=s
parental rights had previously been made. 





[5]
See Tex. Fam. Code
Ann. '
161.001(1)(Q)(ii) (Vernon Supp. 2002).  





[6]
See Tex. Fam. Code Ann. '
161.001(2) (Vernon Supp. 2002).  





[7]
On appeal, appellant does not challenge the finding that termination of his
parental rights was in the best interest of the children.  





[8]
We note that, if the trial court was proceeding under this section, TDPRS had
the additional burden at trial to produce evidence documenting a Asubstantial
change@ in
circumstances subsequent to the July 19, 1999 determination that Longoria=s
rights not be terminated.  However,
appellant makes no argument in his brief that the evidence was insufficient to
demonstrate this point, nor does he argue that the trial court erred in failing
to make a specific finding that the circumstances had substantially changed
following the July 19, 1999 hearing. 
Therefore, we do not address the sufficiency of any possible '
161.004 requirements as to this case.  See
Tex. R. App. P. 38.1(h).