NUMBER 13-04-00477-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

                       IN
THE INTEREST OF J.A.T., A MINOR CHILD.

 

    On appeal from the 214th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

This is an appeal from the trial court=s order granting a protective order against
appellant, Anthony James Trejo.  In two
issues, appellant contends (1) the evidence is legally insufficient to support
the trial court=s order granting the protective order
against him, and (2) the trial court erred in modifying his joint managing
conservatorship rights.  We reverse and
render.

As this is a memorandum opinion and the
parties are familiar with the facts, we will not recite them here except as
necessary to advise the parties of our decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.








In his first issue, appellant contends the
evidence is legally insufficient to support the trial court=s order granting the protective order
against him.  When we review a "no‑evidence"
or "legal sufficiency of the evidence" issue, we must view all the
evidence in a light that tends to support the finding of the disputed fact and
disregard all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001); Hines v. Comm'n for Lawyer Discipline, 28 S.W.3d 697, 701
(Tex. App.BCorpus Christi 2000, no pet.).  A no-evidence issue will be sustained when
the record discloses that (1) there is a complete absence of evidence of a
vital fact, (2) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact, (3) the evidence
offered to prove a vital fact is no more than a mere scintilla, or (4) the
evidence conclusively establishes the opposite of the vital fact.  Merrell Dow Pharms. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  If there is
more than a scintilla of evidence to support the finding, the no evidence
challenge fails.  Stafford v. Stafford,
726 S.W.2d 14, 16 (Tex. 1987).  When the
evidence offered to prove a vital fact is so weak as to do no more than create
a mere surmise or suspicion of its existence, the evidence is not more than a
scintilla and, in legal effect, is no evidence. 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists
where the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair‑minded people to differ in their
conclusions.  Havner, 953 S.W.2d
at 711.








A court shall render a protective order if
the court finds that family violence (1) has occurred and (2) is likely to
occur in the future.  Tex. Fam. Code Ann. ' 81.001 (Vernon 2002).  "At the close of a hearing on an
application for a protective order, the court shall find whether:  (1) family violence occurred; and (2) family
violence is likely to occur in the future."  Tex.
Fam. Code Ann. ' 85.001(a) (Vernon 2002).

The evidence in the record shows that on
June 11, 2004, during the exchange of the minor child, appellant pulled
appellee, Jessica Alise Pena, toward him when she had the child in her arms,
which resulted in the child being pulled between the two parties.  Assuming without deciding that this action
constituted Afamily violence,@ the record contains no evidence that family
violence "is likely to occur in the future."  See
Tex. Fam. Code Ann. ' 85.001(a)(2) (Vernon 2002).  Because appellee failed to establish the
second element required by section 85.001(a) of the family code, we hold the
evidence is legally insufficient to support the trial court's protective order
of July 9, 2004.  We sustain appellant's
first issue.

We REVERSE the trial court=s protective order of July 9, 2004.  We RENDER judgment that (1) appellee=s request for a protective order is denied
and (2) the trial court=s protective order of July 9, 2004 is set
aside in its entirety.

In his second issue, appellant contends the
trial court abused its discretion in modifying the joint managing
conservatorship rights of appellant in the protective order of July 9,
2004.  The trial court modified appellant=s joint managing conservatorship rights Aduring the pendency of [the protective]
order.@ 
Because the trial court=s protective order of July 9, 2004 has been
set aside in its entirety, there is no modification.  Thus, it is unnecessary to address appellant=s second issue.  See Tex.
R. App. P. 47.1.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.