

NUMBER 13-07-00425-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**NORMA FLORES LAGOS,**                                                          **Appellant,**

**v.**

**FELA B. OLIVAREZ AND DR. GENE TREVINO,**                    **Appellees.**

**On appeal from the 370th District Court of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Norma Flores Lagos, appeals the trial court's order denying her no-evidence motion for summary judgment. After Lagos failed to attend the trial on the merits, the trial court entered a final judgment against Lagos. We affirm.

## I. BACKGROUND

On May 19, 2005, appellees, Fela B. Olivarez, a licensed attorney, and Dr. Gene

Trevino, a property evaluation expert, filed suit against Lagos. The causes of action included a suit on a sworn account and, in the alternative, fraud and conversion. The suit arose from a contract that was entered into by Lagos with Olivarez and Trevino for legal and property evaluation services in a divorce in which Lagos was the respondent. Lagos filed an answer that included a general denial, a verified denial, and an affirmative defense of estoppel. On August 4, 2005, Lagos supplemented her answer to add counterclaims for fraudulent misrepresentation and breach of contract. On August 11, 2005, Lagos amended her answer to add the counterclaim of conversion.

On September 19, 2005, Lagos filed a no-evidence motion for summary judgement. *See* TEX. R. CIV. P. 166a(i). The civil docket sheet notes that on September 26, 2006, Lagos's motion for no-evidence summary judgment was denied, and a letter was mailed to the parties. There is, however, no order officially filed in the clerk's record denying the motion.

On April 16, 2007, the matter was set for trial on the merits. Lagos failed to appear, and the trial court entered a final judgment against her. Lagos filed a motion for a new trial that was denied on June 7, 2007. Proceeding pro se, Lagos now appeals.

## II. DENIAL OF NO-EVIDENCE SUMMARY JUDGMENT

By a single issue, Lagos contends that the trial court erred in denying her motion for no-evidence summary judgment.

## A. Discussion

"A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Green v. Kaposta*, 152 S.W.3d 839,

841 (Tex. App.–Dallas 2005, no pet.) (citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.–Dallas 2004, no pet.)).  Therefore, "[o]n appeal, as at trial, the pro se appellant must properly present its case."  *Id*. (citing *Strange*, 126 S.W.3d at 678).

In her sole issue, Lagos complains that the trial court erred in denying her no-evidence motion for summary judgment.  However, the general rule is that appellate courts do not have jurisdiction to review the denial of a summary judgment.  *Hines v. Comm'n for Lawyer Discipline,* 28 S.W.3d 697, 700 (Tex. App.–Corpus Christi 2000, no pet.) (citing *Ackerman v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1996); *Highlands MGMT. Co. v. First Interstate Bank of Tex., N.A.*, 956 S.W.2d 749, 752 (Tex. App.–Houston [14th Dist.] 1997, pet. denied)); *see* TEX. R. CIV. P. 166a cmt. to 1997 change ("The denial of a [no-evidence summary judgment] is no more reviewable by appeal or mandamus than the denial of a [traditional motion for summary judgment].").  We lack jurisdiction to review the trial court's denial of Lagos's no-evidence motion for summary judgment.  We overrule Lagos's sole issue.

### III. CONCLUSION

Having overruled Lagos's sole issue, we affirm the trial court's final judgment.

GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 23rd day of July, 2009.

3