NUMBER 13-07-00425-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


NORMA FLORES LAGOS, Appellant,


v.



FELA B. OLIVAREZ AND DR. GENE TREVINO, Appellees.

 




On appeal from the 370th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 Appellant, Norma Flores Lagos, appeals the trial court's order denying her no-evidence motion for summary judgment. After Lagos failed to attend the trial on the merits,
the trial court entered a final judgment against Lagos. We affirm.

I. Background

 On May 19, 2005, appellees, Fela B. Olivarez, a licensed attorney, and Dr. Gene
Trevino, a property evaluation expert, filed suit against Lagos. The causes of action
included a suit on a sworn account and, in the alternative, fraud and conversion. The suit
arose from a contract that was entered into by Lagos with Olivarez and Trevino for legal
and property evaluation services in a divorce in which Lagos was the respondent. Lagos
filed an answer that included a general denial, a verified denial, and an affirmative defense
of estoppel. On August 4, 2005, Lagos supplemented her answer to add counterclaims
for fraudulent misrepresentation and breach of contract. On August 11, 2005, Lagos
amended her answer to add the counterclaim of conversion. 

 On September 19, 2005, Lagos filed a no-evidence motion for summary judgement. 
See Tex. R. Civ. P. 166a(i). The civil docket sheet notes that on September 26, 2006,
Lagos's motion for no-evidence summary judgment was denied, and a letter was mailed
to the parties. There is, however, no order officially filed in the clerk's record denying the
motion. 

 On April 16, 2007, the matter was set for trial on the merits. Lagos failed to appear,
and the trial court entered a final judgment against her. Lagos filed a motion for a new trial
that was denied on June 7, 2007. Proceeding pro se, Lagos now appeals. 

II. Denial of No-evidence Summary Judgment

 By a single issue, Lagos contends that the trial court erred in denying her motion for
no-evidence summary judgment.

A. Discussion 

 "A pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure." Green v. Kaposta, 152 S.W.3d 839,
841 (Tex. App.-Dallas 2005, no pet.) (citing Strange v. Cont'l Cas. Co., 126 S.W.3d 676,
677 (Tex. App.-Dallas 2004, no pet.)). Therefore, "[o]n appeal, as at trial, the pro se
appellant must properly present its case." Id. (citing Strange, 126 S.W.3d at 678). 

 In her sole issue, Lagos complains that the trial court erred in denying her no-evidence motion for summary judgment. However, the general rule is that appellate courts
do not have jurisdiction to review the denial of a summary judgment. Hines v. Comm'n for
Lawyer Discipline, 28 S.W.3d 697, 700 (Tex. App.-Corpus Christi 2000, no pet.) (citing
Ackerman v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1996); Highlands MGMT. Co. v.
First Interstate Bank of Tex., N.A., 956 S.W.2d 749, 752 (Tex. App.-Houston [14th Dist.]
1997, pet. denied)); see Tex. R. Civ. P. 166a cmt. to 1997 change ("The denial of a [no-evidence summary judgment] is no more reviewable by appeal or mandamus than the
denial of a [traditional motion for summary judgment]."). We lack jurisdiction to review the
trial court's denial of Lagos's no-evidence motion for summary judgment. We overrule
Lagos's sole issue.

III. Conclusion

 Having overruled Lagos's sole issue, we affirm the trial court's final judgment.


 

 GINA M. BENAVIDES,

 Justice




Memorandum Opinion delivered and

filed this the 23rd day of July, 2009.