

# NUMBER 13-21-00217-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KINGMAN HOLDINGS, LLC, AS TRUSTEE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Benavides[1]**

On July 16, 2021, relator Kingman Holdings, LLC, as Trustee for Keeton Avenue

1412 #11 Land Trust (Kingman) filed a petition for writ of mandamus asserting that the

trial court abused its discretion by denying Kingman's no-evidence motion for summary

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

judgment against Debani Sarahi Galvan and Armando Flores, and by failing to rule on Kingman's motion for reconsideration of that ruling.[2] *See* TEX. R. CIV. P. 166a(i). We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Based on the pleadings, Galvan purchased a condominium from Flores, and in conjunction with the purchase, paid off a lien reflecting the balance Flores owed on the condominium. However, the lien did not include past due homeowner's association fees, and the condominium was ultimately sold to Kingman after foreclosure. In 2017, Galvan and Flores filed suit against Kingman and other parties asserting, inter alia, that the lienholder and homeowner's association were associated parties, that the lienholder falsely represented that the homeowner's association fees were not in arrears and that they would not foreclose, and ultimately, that the lienholder and homeowner's association failed to give proper notice of foreclosure. In addition to requests for a temporary restraining order and temporary and permanent injunctive relief, Galvan and Flores's first amended petition asserted causes of action regarding a contract for deed, wrongful foreclosure, promissory estoppel, fraud, negligence, trespass to try title, the right of redemption under Texas Property Code § 209.011, and declaratory judgment that (1) the lienholder and homeowners association had "wrongfully foreclosed" and "defrauded" the real parties and title should be restored to Galvan, and (2) the transfer of the property to Kingman was void because the trustee's sale on the property was "wrongful."

---

[2] This original proceeding arises from trial court cause number C-2510-17-E in the 275th District Court of Hidalgo County, Texas, and the respondent is the Honorable Marla Cuellar. *See* TEX. R. APP. P. 52.2.

2

Proceedings in the case resulted in a temporary restraining order signed on June 14, 2017, an amended temporary restraining order signed on February 28, 2018, and a temporary injunction signed on April 2, 2018.

On July 14, 2020, Kingman filed a traditional and no-evidence motion for summary judgment against Galvan and Flores. Galvan and Flores did not file a response to Kingman's motion for summary judgment. On November 10, 2020, Kingman filed a memorandum in support of its no-evidence and traditional motion for summary judgment. On January 7, 2021, the trial court denied Kingman's motion for summary judgment. On March 18, 2021, Kingman filed a motion for reconsideration of the trial court's ruling. Based on the record before us, the trial court has not ruled on Kingman's motion for reconsideration.

On July 16, 2021, Kingman filed this original proceeding. By two issues, Kingman asserts that (1) the trial court abused its discretion by denying Kingman's no-evidence motion for summary judgment and failing to rule on its motion for reconsideration, and (2) Kingman lacks an adequate remedy by appeal. On July 19, 2021, this Court requested that the real parties in interest, Galvan and Flores, or any others whose interest might be directly affected by the relief sought, including but not limited to Las Jollas Condominium Association, Inc., Esponjas Development, LTD, and Eduardo Cantu, file a response to the petition for writ of mandamus within ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Neither Galvan nor Flores, nor any of the other parties in the underlying proceeding, have favored the Court with a response to Kingman's petition for writ of mandamus.

## II.     MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## III.     NO-EVIDENCE MOTIONS FOR SUMMARY JUDGMENT

Texas Rule of Civil Procedure 166a(i) governs no-evidence motions for summary judgment. *See* TEX. R. CIV. P. 166a(i). It provides:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

*Id.* Thus, Rule 166a(i) "requires that a no-evidence motion specifically state the element or elements for which there is no evidence." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). The supreme court has "called for strict enforcement of this requirement." *Id.* (citing *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009), and *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339–42 (Tex. 1993)). In this regard, "[a] no-evidence movant . . . cannot rely on sources outside of the motion itself to meet the specificity requirement." *Border Demolition & Env't, Inc. v. Pineda*, 535 S.W.3d 140, 158 (Tex. App.—El Paso 2017, no pet.); *see McConnell*, 858 S.W.2d at 339 (holding that the specific grounds for summary judgment must be expressly presented in the motion for summary judgment itself and not in a brief filed contemporaneously with the motion or in the summary judgment evidence).

If a no-evidence motion for summary judgment meets the rule's requirements, the "burden then falls entirely on the adverse party to produce summary judgment evidence raising a genuine issue of material fact." *Draughon v. Johnson*, No. 20-0158, 2021 WL 2387430, at *3, __ S.W.3d __, __ (Tex. June 11, 2021); *see Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017) ("As the residents never responded to [the movant's] no-evidence point, the trial court properly granted [the movant's] summary-judgment motion."); *see generally* TEX. R. CIV. P. 166a(i). "[T]he nonmovant need not 'marshal' its evidence or prove up its case to defeat a no-evidence motion." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551–52 (Tex. 2019); *see* TEX. R. CIV. P. 166a(i) cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). Instead, "the nonmovant is required only to produce enough evidence—that is, more than a

scintilla—to create a genuine issue of material fact as to the challenged element." *Town of Shady Shores*, 590 S.W.3d at 551. Evidence is more than a scintilla if it "would enable reasonable and fair-minded jurors to differ in their conclusions." *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

If the nonmovant fails to carry its burden to produce summary judgment evidence raising a genuine issue of material fact, the trial court "must" grant the no-evidence motion for summary judgment. TEX. R. CIV. P. 166a(i); *see B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam). Accordingly, the court may grant a no-evidence motion for summary judgment by default if the nonmovant does not file a response and the motion states sufficient grounds for a final summary judgment. *See Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 671 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also Town of Dish*, 519 S.W.3d at 608.

The denial of a no-evidence motion for summary judgment is subject to the same standard of review, by appeal and mandamus, as the denial of a traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(i) cmt.; *In re R.W.*, 129 S.W.3d 732, 744 (Tex. App.—Fort Worth 2004, pet. denied); *Hines v. Comm'n for Lawyer Discipline*, 28 S.W.3d 697, 700 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.). "[M]andamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding); *see In re Acad., Ltd.*, 625 S.W.3d at 32. However, "that principle is not,

6

and cannot be, absolute." *In re Acad., Ltd.*, 625 S.W.3d at 32. Thus, extraordinary circumstances may justify granting mandamus relief for the denial of a motion for summary judgment. *Id.* at 36 (collecting examples).

## IV.    ANALYSIS

In its first issue, Kingman asserts that the trial court abused its discretion by denying Kingman's no-evidence motion for summary judgment because the real parties failed to file a response to the motion and thus failed to meet their burden to avoid summary judgment by presenting evidence raising an issue of material fact. Kingman also contends that the trial court abused its discretion by failing to rule on Kingman's motion for reconsideration of this ruling. In its second issue, Kingman argues that it lacks an adequate remedy by appeal to remedy these errors.

## A.    Abuse of Discretion

We first address whether the trial court abused its discretion by denying Kingman's no-evidence motion for summary judgment. As stated previously, Kingman's motion for summary judgment was a "hybrid" motion insofar as it contained both no-evidence and traditional grounds for summary judgment. *See Draughon*, 2021 WL 2387430, at *11 & n.2 (providing that parties may combine traditional and no-evidence motions for summary judgment in a single motion when the grounds are clearly set forth and other requirements are met). In this motion, Kingman clearly and separately set forth the grounds for no-evidence summary judgment. *See id.*

Kingman sought "final disposition of [the real parties'] claims and an end to this litigation." We thus examine the claims raised by the real parties in the underlying lawsuit.

7

In their first amended petition, the real parties asserted separate causes of action against Kingman and others regarding a contract for deed, wrongful foreclosure, promissory estoppel, fraud, and negligence. The real parties premised their causes of action for trespass to try title and declaratory judgment on their cause of action for wrongful foreclosure. The real parties alternatively sought a right of redemption under Texas Property Code § 209.011. *See* TEX. PROP. CODE ANN. § 209.011 (providing a limited right of redemption for residential property owners after foreclosure). Kingman's no-evidence motion for summary judgment exhaustively attacks specific elements of each of these causes of action. *See Cmty. Health Sys. Prof'l Servs. Corp.*, 525 S.W.3d at 695–96.

## 1. Contract for Deed

Kingman alleged that there was no evidence to support the real parties' allegations regarding a contract for deed because, leaving aside the validity of such an alleged cause of action against a third party, there was no evidence of a written contract for deed between Galvan and Flores and no evidence that any alleged contract for deed was recorded. *See* TEX. PROP. CODE ANN. § 5.072(a) ("An executory contract is not enforceable unless the contract is in writing and signed by the party to be bound or by that party's authorized representative."); *id.* § 5.076 (delineating the recording requirements for executory contracts for conveyance).

## 2. Wrongful Foreclosure

Kingman alleged that there was no evidence supporting a cause of action for wrongful foreclosure because there was no evidence of any defect in the foreclosure sale proceedings or a grossly inadequate selling price. *See Duncan v. Hindy*, 590 S.W.3d 713,

723 (Tex. App.—Eastland 2019, pet. denied) ("To establish a claim for wrongful foreclosure, a plaintiff must prove the following: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."). Kingman also alleged that the real parties' claims for declaratory relief and trespass to try title were supported by no evidence insofar as both claims were premised on the wrongful foreclosure cause of action, and there was, again, no evidence to support the existence of any defect in the foreclosure sale or a grossly inadequate sales price.

### 3. Promissory Estoppel

Kingman alleged that there was no evidence to support a cause of action for promissory estoppel because there was no evidence of any defendant making any promise to either of the real parties in interest. *See Hubbard v. Shankle*, 138 S.W.3d 474, 482 (Tex. App.—Fort Worth 2004, pet. denied) ("The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance on the promise by the promisor, and (3) substantial detrimental reliance by the promisee.").

### 4. Fraud

Kingman alleged that there was no evidence supporting the real parties' cause of action for fraud because there was no evidence of "any representations by any defendant made to either [real party]." *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding) (stating that the elements of fraud include, in summary: (1) a material representation; (2) which was false; (3) made knowingly or recklessly; (4) with the intent that the other party should act upon it; (5) action in reliance on the

9

representation; and (6) the party thereby suffered injury).

### 5.     Negligence

Kingman alleged, inter alia, that there was no evidence supporting a cause of action for negligence because there was no evidence that it owed a legal duty to either real party in interest. *See Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) ("A plaintiff seeking to prevail on a negligence cause of action must establish the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach.").

### 6.     Right of Redemption

Kingman alleged that there was no evidence supporting the real parties' alternative request for the statutory right of redemption under § 209.011 of the Texas Residential Property Owners Protection Act (Act) because the subject property is a condominium. *See* TEX. PROP. CODE ANN. § 209.003(d) (stating that the Act does not apply to a condominium as defined by other provisions of the property code); *id.* § 209.011 (governing the right of redemption after foreclosure).

### 7.     Conclusion

Kingman's no-evidence motion for summary judgment challenged specific elements of each of the claims made by the real parties in interest on which they had the burden of proof. *See* TEX. R. CIV. P. 166a(i). Thus, Kingman's no-evidence motion for summary judgment met the requirements of Rule 166a(i). *See id.* The real parties failed to file a response to Kingman's no-evidence motion for summary judgment and thus failed to produce summary judgment evidence raising a genuine issue of material fact. *See id.* In such a case, the trial court "must grant" summary judgment. *Id.*; *see B.C.*, 598 S.W.3d

at 259; *Zarate v. Rodriguez*, 542 S.W.3d 26, 42 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Accordingly, we conclude that the trial court abused its discretion in denying Kingman's no-evidence motion for summary judgment. We sustain Kingman's first issue as it pertains to Kingman's no-evidence motion for summary judgment. Having done so, we need not address the part of Kingman's first issue regarding the trial court's failure to rule on the motion for reconsideration. *See* TEX. R. APP. P. 47.1; *id*. R. 47.4.

## B.     Adequate Remedy by Appeal

In Kingman's second issue, it contends that it lacks an adequate remedy on appeal to remedy the trial court's error because "delay in this matter has already caused great devaluation of the substantive right at issue, and delay for a wasted trial will further defeat such substantive right." According to Kingman, while the real parties "do nothing to prosecute their claims and the district court refuses to grant mandatory dispositive relief, costs continue to mount, and taxes and HOA dues accrue, causing the Property—which is the subject of the substantive rights involved in this lawsuit—to go underwater." Kingman thus argues that "a meritless and abandoned suit languishes on at [its] expense, and at the expense of the substantive rights of any who may claim an interest in the Property." Kingman thus contends that appeal after an ultimate final judgment is an inadequate remedy and supports this contention with arguments and authorities regarding the inadequacy of a remedy by appeal from the erroneous denial of dispositive relief with regard to unmeritorious claims.

Kingman further notes that appeal has been found to be an inadequate remedy to address the trial court's erroneous refusal to dismiss a case for want of prosecution. *See*,

11

*e.g.*, *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (per curiam); *In re Bordelon*, 578 S.W.3d 197, 200 (Tex. App.—Tyler 2019, orig. proceeding). Kingman contends that real parties have effectively abandoned their claims by: (1) failing to prosecute their claims in the underlying lawsuit, noting that the trial court has separately denied its motion to dismiss the underlying case for want of prosecution; (2) failing to respond to the motion for summary judgment; and (3) failing to respond to the petition for writ of mandamus.

We determine whether Kingman lacks an adequate remedy by appeal by weighing the benefits of mandamus review against the detriments in a fact-specific inquiry. *See In re Acad., Ltd.*, 625 S.W.3d at 32; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. While we do not agree that the instant situation is entirely analogous to mandamus review of the failure to dismiss a case for want of prosecution, we do agree that Kingman lacks an adequate remedy by appeal.

"The purpose of summary judgment is to permit the trial court to promptly dispose of cases that involve unmeritorious claims or untenable defenses." *Means v. ABCABCO, Inc.*, 315 S.W.3d 209, 213 (Tex. App.—Austin 2010, no pet.) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979); *Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex. 1962)). Likewise, the "purpose of a no-evidence summary judgment motion is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Benitz v. Gould Grp.*, 27 S.W.3d 109, 112 (Tex. App.—San Antonio 2000, no pet.); *see Means*, 315 S.W.3d at 209.

Here, based on the express text of Rule 166a(i), Kingman is entitled to summary

12

judgment, and therefore, the case should not have to proceed to trial. The Texas Supreme Court has recognized that the "most frequent" use that it has made of mandamus review "involves cases in which the very act of proceeding to trial—regardless of the outcome— would defeat the substantive right involved." *In re McAllen Med. Ctr.*, 275 S.W.3d at 465; *see In re Acad., Ltd.*, 625 S.W.3d at 32; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. This is such a case. Kingman should not have to endure the time and expense of continuing to litigate a four-year-old case that is not being diligently prosecuted when the property interests that are the subject matter of the case suffer damage and devaluation through delay. As recognized by the supreme court, a "flexible" mandamus standard means that in some circumstances the waste of judicial and public resources that would result from an ultimate review by appeal justifies review by mandamus. *See In re Acad., Ltd.*, 625 S.W.3d at 36; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137. Thus, we conclude that this case presents extraordinary circumstances that render a remedy by appeal inadequate. We sustain Kingman's second issue.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that Kingman has met its burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its January 7, 2021 order denying Kingman's motion for summary judgment and to enter an order granting Kingman's no-evidence motion for summary judgment. Our writ will issue only if the trial court fails to comply.

13

GINA M. BENAVIDES
Justice

Delivered and filed on the
22nd day of September, 2021.