Milton O. ACKERMANN et ux., Petitioners,

v.

Ernestine VORDENBAUM, Respondent.

No. A–11101.

Supreme Court of Texas.

May 25, 1966.

Rehearing Denied June 22, 1966.

Jandt & Jandt, Seguin, for petitioners.

Threlkeld, Saegert & Saegert, Seguin, W. James Kronzer, Houston, for respondent.

NORVELL, Justice.

Upon an appeal from an order dismissing this cause, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the plaintiff, Ernestine Vordenbaum. The Court of Civil Appeals held that the trial court erred in overruling the plaintiff's motion for summary judgment and rendered judgment for the plaintiff in accordance with Rule 434, Texas

Rules of Civil Procedure. 393 S.W.2d 927. We affirm.

The plaintiff in the trial court was the appellant in the Court of Civil Appeals and is the respondent here.[1] We will use the trial court designation of the parties.

Two questions are involved, namely, (1) Did the trial court err in dismissing this cause?, and, if that question be answered in the affirmative, (2) Was the Court of Civil Appeals correct in rendering judgment for the plaintiff or should the cause have been remanded for another trial?

The first question presents little difficulty. The action was in trespass to try title in which the grounds of recovery were specifically alleged. The plaintiff alleged that on December 5, 1951, she executed a deed conveying one and one-fifth acre of land out of the G. Malpaz Survey No. 67 in Guadalupe County, Texas to the defendants, Milton O. Ackermann and wife, Emelie Ackermann, in which she reserved a life estate and a vendor's lien, said lien being reserved "until the above described obligations are fully complied with according to their intent and purpose when this deed shall become absolute". The consideration for this deed was that the Ackermanns "take care of and provide the meals for the grantor (Mrs. Vordenbaum) as long as she lives". These were the obligations referred to in the vendor's lien clause. The plaintiff asserted the agreement to support had not been carried out, but had been abandoned and consequently she was entitled to recover upon the superior legal title retained by her in the deed above mentioned.

Plaintiff's Second Amended Original Petition in the forepart thereof contained a number of exceptions directed against defendants' answer. These exceptions were followed by a repleading of her cause of action. The defendants moved to "strike from the record the document called the second amended original petition for the reason that the same is not in compliance with Rules 46 and 69 of the Texas Rules of Civil Procedure". Apparently the motion to strike was heard on May 21, 1964, but the order sustaining the same was not signed by the trial judge until December 14, 1964. It appears that on the same date the order was signed, the defendants made a further motion in which they requested the trial court to dismiss the case for want of prosecution because plaintiff had failed to amend her second amended original petition. The trial court sustained the motion to strike the second amended original petition and then dismissed the case. The order of dismissal was not based upon the theory that the plaintiff had failed to prosecute her case, but on the contrary recites that as "plaintiff desires to stand on her pleadings and not to replead the same after having a reasonable opportunity to do so, it is further ordered that this cause be and the same is hereby dismissed, * * *."

■ Undoubtedly, the second amended original petition was defective in the particulars pointed out by defendants' motion and we do not know why plaintiff did not amend her defective petition. However that may be, the only pleading which was stricken was the second amended original petition and if plaintiff decided not to file another amendment, such decision did not render the cause subject to dismissal. As pointed out by the Court of Civil Appeals, the trial court did not order a repleader and plaintiff had violated no order of the court. The ground set forth in the motion to strike related to form rather than substance and it was not contended that the petition failed to state a cause of action. We have no true analogy between the action taken here and the now outmoded general demurrer practice (Rule 90), in which a dismissal could be ordered upon a refusal

---

1. The action was instituted by Ernestine Vordenbaum, who is advanced in years. She was joined by her grandson, Wilbur Paul Vordenbaum, as next of kin and temporary guardian, while the suit was pending in the trial court.

to amend after a court had held that the petition stated no cause of action. We hold that the order of dismissal was erroneous and must be reversed.

This brings us to a consideration of the second question, that is, whether an order of rendition or remand constitutes the correct disposition of the case. This largely depends upon whether an appellate court having held that an order of dismissal was improper may then examine a trial court's action in overruling a summary judgment. In Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958), we held that:

> "If the only order in the trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered, Rule 434, and if the case is brought to this court and the judgment of the Court of Civil Appeals is reversed, we should render such judgment as that court should have rendered. Rules 501 and 505. Rogers v. Royalty Pooling Co. [Tex., 302 S.W.2d 938] is overruled."

In the Tobin-Garcia case, the appeal was from an order granting a summary judgment based upon the defendants' motion. We held that the order granting such summary judgment was erroneous and that after having made such holding, we were authorized to review the trial court's action in overruling the plaintiff's motion for summary judgment. In the present case, an order of dismissal was appealed from instead of an order granting a motion for summary judgment.

This circumstance squarely raises the question of whether the Tobin-Garcia rule is a comparatively narrow one having application only to that situation wherein both parties have moved for summary judgment, or whether it should be applied broadly as applicable to all cases in which a motion for judgment has been overruled and thereafter an appealable judgment has been rendered. In Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959), the Tobin-Garcia rule was thus broadly stated: "We held (in Tobin v. Garcia) that where there was a final judgment rendered in a cause, which was appealable (and was appealed), the appellate court could act upon a denied motion for summary judgment, if the point has been properly preserved". Although in *McBride,* both sides had filed motions for summary judgment, the Court of Civil Appeals in the present case took the language of *McBride* as indicating that this Court intended the Tobin-Garcia rule to apply to all cases wherein an appealable judgment (including a dismissal, or judgment rendered at the conclusion of a conventional trial upon the merits), had been entered subsequent to the overruling of a motion for summary judgment. The broader interpretation of the rule would undoubtedly lead to the expeditious disposal of lawsuits in cases where it appears that a litigant whose motion for summary judgment had been overruled was clearly entitled to prevail, and undoubtedly this factor was considered by the Court of Civil Appeals in rendering judgment in the case. However, there are other considerations which must be taken into account in determining whether to adopt a narrow or broad interpretation of the Tobin-Garcia doctrine.

When both sides file motions for summary judgment, each litigant in support of his own motion necessarily takes the position that there is no genuine issue of fact in the case and that he is entitled to judgment as a matter of law. While it does not necessarily follow that when both sides file motions for summary judgment there is no genuine fact issue in the case, it does indicate that the legal controversy is one

which generally turns upon an interpretation of some rule of law and both sides are prepared to present their respective contentions with reference thereto.

However, when we have a case in which a motion for summary judgment is overruled and thereafter,—perhaps years thereafter, the suit is removed from the trial court docket by dismissal or a judgment following a conventional trial on the merits, a different situation is presented. In such instances a review of the overruled motion for summary judgment could result in judgments which would be patently unjust. Motions for summary judgment do not always disclose all the pertinent facts relating to a case and the same may be said as to answers and defenses to such motions. Generally, the facts are more fully developed upon a conventional trial than they are by the affidavits and depositions relied upon to support or defeat a motion for summary judgment. It would seem incongruous for a court, upon finding that a judgment following a full and complete conventional trial should be reversed because of the admission of improper evidence, to then review the action of a trial court in overruling a summary judgment, particularly if it appears from the evidence adduced upon the conventional trial that there were genuine issues of fact in the case even though the summary judgment record might not reflect this situation because of an incomplete development of the facts.

■ In Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955), this Court pointed out that the general rule was that an order overruling a motion for summary judgment was interlocutory in nature and hence not appealable. In speaking of the practice later sanctioned in Tobin v. Garcia, it was said:

"True, where there is an appeal from that part of the court's order which grants summary judgment, it might be convenient to allow the appellate court to review also the part refusing summary judgment and itself to render summary judgment on the latter issue, if it concludes that the trial court ought to have done so. At the same time, since such a practice would be by way of exception to a general rule, any benefits might well be outweighed by the resultant confusion."

Undoubtedly, the rule of practice adopted by Tobin v. Garcia is an exception to the general rule that an order overruling a motion for summary judgment is not subject to review upon appeal. Compare, Brown v. Aetna Casualty & Surety Co., 135 Tex. 583, 145 S.W.2d 171 (1940). Such rule was recognized in the interest of the prompt disposal of causes and its operation has generally been attended with satisfactory results. However, the rule should not be so broadened as to produce confusion or injustice. Thomas de Quincey once intimated that many a man could trace his downfall to some murder he thought little of at the time. However, our system of practice should not permit the downfall of a cause because of an overruled motion for summary judgment, which in the light of a conventional trial on the merits appears to have been defectively defended against by insufficient pleadings, depositions or affidavits. Many of the considerations militating against the review of a trial court's action overruling a motion for summary judgment after the case has been tried in the conventional manner before judge or jury are also applicable when the final judgment appealed from is one of dismissal. The safer rule is one restricting the Tobin-Garcia doctrine to its factual situation and that disclosed in Gulf, Colorado & Santa Fe Ry. Co. v. McBride, that is, to cases in which motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them.

■ Accordingly, the judgment of the Court of Civil Appeals is reformed to pro-

vide for a remand and a reinstatement of the case on the trial court's docket rather than a rendition of a judgment for the plaintiff. As so reformed, the judgment of the Court of Civil Appeals is affirmed.