NUMBER 13-99-233-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ZERRIE L. HINES, Appellant,


v.



THE COMMISSION FOR LAWYER DISCIPLINE, Appellee.

____________________________________________________________________


On appeal from the 127th District Court of Harris County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 This is an attorney discipline case. Appellee, the Commission for
Lawyer Discipline (the "Commission"), initiated a disciplinary action
against appellant, Zerrie L. Hines, and the case was tried in the 127th
District Court of Harris County. The trial court: (1) found that appellant
had violated Texas Disciplinary Rules of Professional Conduct 1.03(a),(1)
1.03(b),(2) and 1.15(d),(3)
 (2) ordered that he be given a public reprimand,
and (3) ordered him to pay $1,000 in attorney's fees. By two issues,
appellant contends: (1) the trial court erred in denying his "no evidence"
motion for summary judgment, and (2) the evidence is factually and
legally insufficient to support the trial court's judgment. We affirm.

 Appellant agreed to handle a child support enforcement hearing
for Nancy A. Hennessy when Hennessy's attorney, Alicia Johnson,
moved to Fort Worth. Johnson arranged for appellant to handle the
hearing, and Hennessy paid appellant $500 for his services. Appellant
met with Hennessy, her husband, and her son to discuss the case. At
the time the hearing was scheduled, Hennessy's ex-husband did not
appear and could not be located, and the hearing was reset. At the
next hearing, appellant continued representing Hennessy. At the
conclusion of the hearing, the judge dismissed the case because
Hennessy's pleadings were not proper.

 The record reflects that Hennessy was very upset. Appellant told
Hennessy only that she had a right to appeal. He did not file new
pleadings. After the hearing, appellant failed to maintain contact with
Hennessy. Hennessy tried many times to contact appellant, but
appellant made no effort to reply until after Hennessy filed a grievance
against him. By then, it was too late to file an appeal.

 The Commission determined that appellant was culpable for his
actions, and appellant elected to have the complaint heard in a district
court of Harris County, without a jury. Tex. R. Disciplinary P. 2.14,
reprinted in Tex. Govt. Code Ann., tit. 2, subtit. G app. A-1 (Vernon
1998). The Commission filed a disciplinary petition, Tex. R. Disciplinary
P. 3.01, and the supreme court appointed Judge Dean R. Keith to hear
the case. Tex. R. Disciplinary P. 3.02. Appellant filed a "no evidence"
motion for summary judgment under Texas Rule of Civil Procedure
166a(i), but the trial court denied the motion. After a trial on the merits,
the trial court found that appellant had violated Texas Disciplinary Rules
of Professional Conduct 1.03(a), 1.03(b), and 1.15(d). The trial court
entered judgment against appellant, ordered that he be given a public
reprimand, and ordered him to pay $1,000 in attorney's fees. This
appeal ensued. Tex. R. Disciplinary P. 3.16.

1. Summary Judgment


 In his first issue, appellant complains the trial court erred in
denying his no evidence motion for summary judgment. The general
rule is that appellate courts do not have jurisdiction to hear denied
motions for summary judgment on appeal. Ackerman v. Vordenbaum,
403 S.W.2d 362, 365 (Tex. 1966); Highlands MGMT. Co. v. First
Interstate Bank of Tex., N.A., 956 S.W.2d 749, 752 (Tex. App.--Houston
[14th Dist.] 1997, pet. denied). Appellant contends there should be an
exception to this general rule because the federal courts allow review
of a denial of a no evidence motion for summary judgment after a trial
on the merits,(4) and the Texas no evidence motion for summary
judgment was modeled after the federal rule.

 The Texas Supreme Court order approving the amendment to Rule
166a of the Texas Rules of Civil Procedure which authorized the no
evidence motion for summary judgment provides in relevant part:

The comment appended to these changes, unlike other notes
and comments in the rules, is intended to inform the
construction and application of the rule.


Order in Misc. Docket No. 97-9139, dated August 15, 1997, published
in 60 Tex. B.J. 872 (Oct. 1997). The comment appended to the
changes states in relevant part:

The denial of a [no evidence motion for summary judgment
under Texas Rule of Civil Procedure 166a(i)] is no more
reviewable by appeal or mandamus than denial of a [motion
for summary judgment under Texas Rule of Civil Procedure
166a(c)]. 


Tex. R. Civ. P. 166a cmt. to 1997 change. Following this guidance from
the supreme court, we conclude we have no jurisdiction to review the
trial court's denial of appellant's no evidence motion for summary
judgment. We overrule appellant's first issue.

2. Sufficiency of the Evidence


 In his second issue, appellant contends the evidence is factually
and legally insufficient to support the verdict of the trial court.

 When we review the legal sufficiency of the evidence, we must
consider all of the record evidence in a light most favorable to the party
in whose favor the verdict has been rendered, and indulge in that
party's favor every reasonable inference deducible from the evidence. 
Formosa Plastics v. Presidio Engineers, 960 S.W.2d 41, 48 (Tex. 1998). 
A legal sufficiency point must and may only be sustained when the
record discloses: (1) a complete absence of evidence of a vital fact; (2)
the court is barred by rules of law or of evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered
to prove a vital fact is no more than a mere scintilla; and (4) the
evidence established conclusively the opposite of the vital fact. Juliette
Fowler Homes, Inc. v. Welch Assoc., 793 S.W.2d 660, 666 n.9 (Tex.
1990). If there is more than a scintilla of evidence to support the
finding, the legal sufficiency challenge fails. Stafford v. Stafford, 726
S.W.2d 14, 16 (Tex. 1987). When the evidence offered to prove a vital
fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, the evidence is not more than a scintilla and,
in legal effect, is no evidence. Kindred v. Con-Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983). The test for the application of this no
evidence/scintilla rule is: if reasonable minds cannot differ from the
conclusion, then the evidence offered to support the existence of a vital
fact lacks probative force, and it will be held to be the legal equivalent
of no evidence. Id.

 When we review the factual sufficiency of the evidence, we
consider, weigh and examine all of the evidence which supports or
undermines the finding of the trier of fact. Plas-Tex, Inc. v. United
States Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We review the
evidence, keeping in mind that it is the fact finder's role, not ours, to
judge the credibility of the evidence, to assign the weight to be given to
testimony, and to resolve inconsistencies within or conflicts among the
witnesses' testimony. Corpus Christi Teachers Credit Union v.
Hernandez, 814 S.W.2d 195, 197 (Tex. App.--San Antonio 1991, no
writ). We then set aside the verdict only when we find that the
evidence standing alone is too weak to support the finding or that the
finding is so against the overwhelming weight of the evidence that it is
manifestly unjust and clearly wrong. Garza, 395 S.W.2d at 823.

 Appellant did not request findings of fact and conclusions of law,
and none were made by the trial court. In the absence of findings of
fact and conclusions of law, we must presume that the trial court made
all necessary findings to support its judgment. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990); In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984). It is implied that the trial court made all the necessary
findings to support its judgment. Roberson v. Robinson, 768 S.W.2d
280, 281 (Tex. 1989); Buchanan v. Byrd, 519 S.W.2d 841, 842 (Tex.
1975). The judgment of the trial court must be affirmed if it can be
upheld on any legal theory supported by the evidence. In re W.E.R.,
669 S.W.2d at 717. 

 Appellant argues the evidence shows that: (1) the only written
contract was between Hennessy and Johnson, (2) Hennessy never paid
for appellate representation, (3) Johnson remained Hennessy's attorney
of record, and (4) the Commission failed to present any evidence of an
adverse judgment against Hennessy. However, none of this evidence
negates the implied findings by the trial court necessary to support a
violation of rules 1.03(a), 1.03(b), or 1.15(d). See Roberson, 768
S.W.2d at 281. 

 Appellant accepted money to represent Hennessy. He did not file
the necessary amendment to Hennessy's pleadings to keep Hennessy's
case from being dismissed. He failed to inform Hennessy of her options
after the adverse ruling so that she could make an informed decision. 
He did not promptly comply with reasonable requests for information
and failed to protect her interests after he stopped representing her. If
appellant believed that his representation had terminated or that
Johnson was going to further advise Hennessy, he could easily have
made that clear to her, either orally or in writing. He did neither.

 We hold the evidence is legally and factually sufficient to support
the trial court's finding that appellant violated Texas Disciplinary Rules
of Professional Conduct 1.03(a), 1.03(b), and 1.15(d). We overrule
appellant's second issue.



 We affirm the judgment of the trial court.


 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. Disciplinary P. 6.06.


Opinion delivered and filed this 

the 17th day of August, 2000.

1. "A lawyer shall keep a client reasonably informed about the status of a matter
and promptly comply with reasonable requests for information." Tex. Disciplinary R.
Prof'l Conduct 1.03(a), reprinted in Tex. Govt. Code Ann., tit. 2, subtit. G app. A
(Vernon 1998) (Tex. State Bar R. art. X, §9).
2. "A lawyer shall explain a matter to the extent reasonably necessary to permit
the client to make informed decisions regarding the representation." Tex. Disciplinary
R. Prof'l Conduct 1.03(b).
3. "Upon termination of representation, a lawyer shall take steps to the extent
reasonably practicable to protect a client's interests, such as giving reasonable notice
to the client, allowing time for employment of other counsel, surrendering papers and
property to which the client is entitled and refunding any advance payments of fee
that has not been earned. The lawyer may retain papers relating to the client to the
extent permitted by other law only if such retention will not prejudice the client in the
subject matter of the representation." Tex. Disciplinary R. Prof'l Conduct 1.15(d).

4. See e.g. Dickinson v. Auto Center Mfg. Co., 733 F.2d 1092, 1102 (5th Cir.
1983) ("Under the final appealability rule, a party may obtain review of prejudicial
adverse interlocutory rulings upon his appeal from adverse final judgment, at which
time the interlocutory rulings (nonreviewable until then) are regarded as merged into
the final judgment terminating the action."); Kamen v. Kemper Fin. Servs. 908 S.W.2d
1338, 1341 (7th Cir. 1990).