NO. 07-08-0011-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2009
______________________________

CITIZENS NATIONAL BANK OF TEXAS, APPELLANT

V.

DALLAS ATM MANAGEMENT SERVICES, INC.,
DBA CASH CARRIERS USA, APPELLEE
_________________________________

FROM THE 40TH DISTRICT COURT OF ELLIS COUNTY;

NO. 71,516; HONORABLE GENE KNIZE, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Through one issue, appellant Citizens National Bank of Texas appeals from the trial
court’s denial of its no-evidence motion for summary judgment filed against appellee Dallas
ATM Management Services, Inc. d/b/a Cash Carriers USA (“Cash Carriers”). We will
dismiss the appeal.
 
 
Background
          Cash Carriers sued Citizens, alleging breach of a contract between them. After
discovery, including several depositions, Citizens filed a no-evidence motion for summary
judgment, through which it asserted Cash Carriers had no evidence of its damages.


 The
trial court heard argument at a hearing and denied Citizens’ motion.
          The case was tried to a jury, which returned a verdict in favor of Cash Carriers. The
trial court entered judgment accordingly. On appeal, Citizens presents argument based
on the summary judgment record, and contends the trial court erred by denying its no-evidence motion for summary judgment.
AnalysisWe must consider our jurisdiction over an appeal, sua sponte if necessary. See
Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no
writ) (noting our obligation to consider jurisdiction sua sponte). As a general rule, appellate
courts do not have jurisdiction to review on appeal the denial of summary judgment.


 
Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Hines v. Comm’n for
Lawyer Discipline, 28 S.W.3d 697, 700 (Tex.App.–Corpus Christi 2000, no pet.). 
Specifically, when a motion for summary judgment is denied by the trial court and the case
is thereafter tried on its merits, the order denying the motion for summary judgment is not
reviewable on appeal. Ackermann, 403 S.W.2d at 365; Tricon Tool & Supply, Inc., v.
Thumann, 226 S.W.3d 494, 509 (Tex.App.–Houston [1st Dist.] 2006, pet. denied); Horton
v. Horton, 965 S.W.2d 78, 88 (Tex.App.–Fort Worth 1998, no pet.). 
          The rule is the same for no-evidence motions for summary judgment as for
traditional motions, as the comment to Rule 166(a)(i) makes clear. Tex. R. Civ. P.
166(a)(i), cmt. (stating the denial of a no-evidence motion for summary judgment is no
more reviewable by appeal or mandamus than the denial of a traditional motion for
summary judgment); In re R.W., 129 S.W.3d 732, 744 (Tex.App.–Fort Worth 2004, pet.
denied); Hines, 28 S.W.3d at 700. In the instant case, a final judgment was rendered after
a jury trial. Thus, the issues in this case were tried on the merits and any order denying
Citizens’ motion for summary judgment is not subject to review on appeal. Ackermann,
403 S.W.2d at 364-65; Carr v. Weiss, 984 S.W.2d 753, 760 (Tex.App.–Amarillo 1999, pet.
denied). Accordingly, we dismiss the appeal. 




                                                                           James T. Campbell

                                                                                     Justice








Republic Ins. Co., 383 F.3d at 346; Central Nat. Ins. Co. of Omaha v.
Lerner, 856 S.W.2d 492, 494 (Tex.App.-Houston [1st Dist.] 1993) (orig. proceeding).

 The delay involved here, even measured from the filing of Cahill's amended
pleadings in May 2004 and WTP's reassertion of its motion to compel arbitration in the
spring of 2005, is not insubstantial. The trial court could have considered WTP's shifting
positions on the issue substantially contributed to the delay in addressing it. (9) Moreover,
much activity occurred in the trial court during those months, cf. EZ Pawn, 934 S.W.2d at
90 ("very little activity" in case before arbitration demand). As WTP points out, most of the
activity resulted from Cahill's discovery and WTP's resistance to it, but the record also
shows WTP sought resolution by summary judgment of one of the core issues in the
litigation. Cf. GeoSurveys, Inc. v. State Nat'l Bank, 143 S.W.3d 220, 224 (Tex.App.-
Eastland 2004, no pet.) ($9700 in discovery expenses insufficient to show prejudice where
movant did not seek disposition by court). As further evidence of prejudice, Cahill
presented an affidavit of her attorney that she had incurred $20,289.15 in legal fees and
expenses. We conclude the cumulative effect of the evidence of delay, expense and
WTP's pursuit of a dispositive motion is sufficient to demonstrate prejudice from WTP's
invocation of the judicial process. Cf. Pennzoil Co. v. Arnold Oil Co., Inc., 30 S.W.3d 494,
499 (Tex.App.-San Antonio 2000, orig. proceeding) ("generalized protestations" about
costs of delay insufficient). See also Walker v. J. C. Bradford & Co., 938 F.2d 575, 577-78
(5th Cir. 1991) (distinguishing Tenneco, 770 F.2d 416, from Price, 791 F.2d 1156). 

 We overrule WTP's sole issue on appeal and affirm the order of the trial court. 

 

 James T. Campbell

 Justice
1. Tex. Civ. Prac. & Rem. Code Ann. ǧ171.001 - .098 (Vernon 2005).
2. 9 U.S.C. ǧ 1-16.
3. The letter summarized events of November 2003, and concluded:


 Accordingly, since [Cahill] is no longer a partner in [WTP], has not been a
partner since November 2003 and therefore has no partnership interest in
[WTP], the provisions of the [WTP] partnership are inapplicable to her and
unenforceable by her. Therefore, [Cahill] has no right to request mediation
or arbitration under the partnership agreement.
4. The partnership also asserted counterclaims for breach of fiduciary duty and 
misappropriation of trade secrets, and to recover defense costs.
5. The court advised WTP the failure to meet this deadline would result in imposition
of monetary sanctions and the striking of defense pleadings.
6. The detailed arbitration paragraph does provide that, unless expressly prohibited
by the rules of the American Arbitration Association, at the arbitration hearing the Texas
Rules of Evidence control the admissibility of evidence. 
7. See Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130
L.Ed.2d 753 (1995) (FAA "pre-empts conflicting state law"); Volt Information Sciences, Inc.
v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 474, 103 L.Ed.2d 488,
109 S.Ct. 1248 (1989) (FAA preempts state statutes to extent inconsistent); Jack B. Anglin
Co., 842 S.W.2d at 271 (same). 


 The opinion in In re L & L Kempwood Assoc., 9 S.W.3d 125, 126 (Tex. 1999), cited
by Cahill, notes a distinction found by the court of appeals in the manner in which the
primary issue in the case would be resolved under the state and federal statutes. The
court also was there applying contract language which it construed to invoke both statutes. 
Id. at 127-28. 
8. Tex. R. Civ. P. 166a(c), (i).
9. We cannot agree with WTP that the record shows it consistently sought arbitration.