NO. 07-08-0011-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2009
_____

CITIZENS NATIONAL BANK OF TEXAS, APPELLANT

V.

DALLAS ATM MANAGEMENT SERVICES, INC.,
DBA CASH CARRIERS USA, APPELLEE
_____

FROM THE 40TH DISTRICT COURT OF ELLIS COUNTY;

NO. 71,516; HONORABLE GENE KNIZE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Through one issue, appellant Citizens National Bank of Texas appeals from the trial court's denial of its no-evidence motion for summary judgment filed against appellee Dallas ATM Management Services, Inc. d/b/a Cash Carriers USA ("Cash Carriers"). We will dismiss the appeal.

Background

Cash Carriers sued Citizens, alleging breach of a contract between them. After discovery, including several depositions, Citizens filed a no-evidence motion for summary judgment, through which it asserted Cash Carriers had no evidence of its damages.[1] The trial court heard argument at a hearing and denied Citizens' motion.

The case was tried to a jury, which returned a verdict in favor of Cash Carriers. The trial court entered judgment accordingly. On appeal, Citizens presents argument based on the summary judgment record, and contends the trial court erred by denying its no-evidence motion for summary judgment.

Analysis

We must consider our jurisdiction over an appeal, *sua sponte* if necessary. *See Buffalo Royalty Corp. v. Enron Corp*., 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (noting our obligation to consider jurisdiction *sua sponte*). As a general rule, appellate courts do not have jurisdiction to review on appeal the denial of summary judgment.[2]

---

[1] On appeal, the parties assert different characterizations of Citizens' ground for summary judgment. For purposes of this opinion, we adopt Citizens' characterization. The elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach. *Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex.App.–Houston [14th Dist.] 2000, no pet.).

[2] Exceptions to the general rule exist. *See ASEP USA, Inc. v. Cole*, 199 S.W.3d 369, 375 (Tex.App.–Houston [1st Dist.] 2006, no pet.) (noting exception when cross-motions are filed and the court grants one); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) & (6) (Vernon 2008) (interlocutory appeals). No exception applies here.

*Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex. 1966); *Hines v. Comm'n for Lawyer Discipline,* 28 S.W.3d 697, 700 (Tex.App.–Corpus Christi 2000, no pet.). Specifically, when a motion for summary judgment is denied by the trial court and the case is thereafter tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal. *Ackermann,* 403 S.W.2d at 365; *Tricon Tool & Supply, Inc., v. Thumann,* 226 S.W.3d 494, 509 (Tex.App.–Houston [1st Dist.] 2006, pet. denied); *Horton v. Horton,* 965 S.W.2d 78, 88 (Tex.App.–Fort Worth 1998, no pet.).

The rule is the same for no-evidence motions for summary judgment as for traditional motions, as the comment to Rule 166(a)(i) makes clear. Tex. R. Civ. P. 166(a)(i), cmt. (stating the denial of a no-evidence motion for summary judgment is no more reviewable by appeal or mandamus than the denial of a traditional motion for summary judgment); *In re R.W.,* 129 S.W.3d 732, 744 (Tex.App.–Fort Worth 2004, pet. denied); *Hines*, 28 S.W.3d at 700. In the instant case, a final judgment was rendered after a jury trial. Thus, the issues in this case were tried on the merits and any order denying Citizens' motion for summary judgment is not subject to review on appeal. *Ackermann,* 403 S.W.2d at 364-65; *Carr v. Weiss,* 984 S.W.2d 753, 760 (Tex.App.–Amarillo 1999, pet. denied). Accordingly, we dismiss the appeal.


James T. Campbell
Justice


3