Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00010-CV

Pepos S. **DOUNSON** and Elisa L. Dounson,
Appellants

v.

**BEXAR APPRAISAL DISTRICT** and Bexar Appraisal Review Board,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-13133
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

Appellants Pepos S. Dounson and Elisa L. Dounson appeal the trial court's denial of their

no-evidence motion for summary judgment.  Following the denial of the Dounsons' motion, the

trial court dismissed their suit for want of prosecution.  Because the Dounsons appeal only the

denial of their no-evidence motion for summary judgment, we affirm the trial court's judgment.

## BACKGROUND

The Dounsons own a two-story house in San Antonio. In 2008, they protested the appraisal of their property due to Bexar Appraisal District (BCAD)'s alleged failure to follow statutory procedures. The Bexar Appraisal Review Board (ARB) denied the Dounsons' protest. The Dounsons filed an original petition for review of the ARB's denial of their protest in district court on August 15, 2008. BCAD and the ARB filed an original answer and jury demand.

No further action was taken in the case until July 26, 2010, when the trial court specially set the Dounsons' case for dismissal for want of prosecution and scheduled a hearing for October 20, 2010. The Dounsons then filed a no-evidence motion for summary judgment, arguing, *inter alia*, that BCAD had failed to present any evidence of the market value of their property, which the Dounsons argued was "an essential element on which [BCAD] would have the burden of proof at trial." The trial court denied the motion after a hearing.

On October 20, 2010, the Dounsons did not appear at the hearing on the dismissal for want of prosecution, and the trial court accordingly dismissed the case. The Dounsons did not file a motion to reinstate their suit, but filed a motion for new trial, which the trial court did not grant. The Dounsons appealed, challenging only the denial of their no-evidence motion for summary judgment.

## DENIAL OF THE NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

After a trial court has rendered a final judgment, a trial court's denial of summary judgment is an appealable order only if the trial court grants an opposing motion for summary judgment. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (explaining that when competing motions for summary judgment are filed and the trial court grants one and denies the other, an appellate court should render the judgment the trial court

should have rendered); *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966) (limiting appellate review of denied motions for summary judgment "to cases in which motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them"). The denial of a motion for summary judgment after a final judgment is not an appealable order because in cases where "a motion for summary judgment is overruled and thereafter, . . . the suit is removed from the trial court docket by dismissal or a judgment following a conventional trial on the merits, . . . review of the overruled motion for summary judgment could result in judgments which would be patently unjust." *Ackermann*, 403 S.W.2d at 365.

The Dounsons appeal only the denial of their no-evidence motion for summary judgment. BCAD did not file—and the trial court did not grant—any competing motion for summary judgment. The trial court dismissed the Dounsons' suit for want of prosecution. This is a final judgment that the Dounsons do not challenge on appeal. Under these circumstances, the trial court's denial of the Dounsons' no-evidence motion for summary judgment is not an appealable order. Therefore, we overrule this issue.

## CONCLUSION

Because the Dounsons' sole issue attacks an order that is not appealable, and because the Dounsons do not otherwise challenge the final judgment, we affirm the trial court's judgment.

Rebecca Simmons, Justice