**Opinion issued March 5, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-11-00972-CV

———————————

**TRACY BROWN, Appellant**

**V.**

**JANET KLEEREKOPER, Appellee**

———

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-64884**

———

**MEMORANDUM OPINION**

After a jury trial, the trial court awarded the plaintiff, Tracy Brown, $20 on his theft-of-services claim and $242 on his breach-of-contract claim against appellee, Janet Kleerekoper. Because the jury found against Brown on his theft-of-

property claim, the trial court awarded Kleerekoper $7,747.14 in attorney's fees as the prevailing party on that claim. In four issues on appeal, Brown contends the trial court erred in (1) denying his motion for summary judgment, (2) denying his motion for judgment notwithstanding the verdict [JNOV], (3) awarding attorney's fees to Kleerekoper because she was not the prevailing party, and that (4) the "loser pay" provision of the Texas Theft Liability Act [TTLA] is unconstitutional. We affirm.

## BACKGROUND

In September 2007, Brown met Kleerekoper at the Alpha Shirt Company in Stafford, Texas, where he showed her his rhinestone transfer work, in which he creates text or images in rhinestones that can then be transferred to apparel, usually tee shirts. Later that day, Kleerekoper emailed Brown with several designs that she was interested in having made into rhinestone transfers. One of the designs requested was a Creekside Cheer logo. Three days later, Kleerekoper emailed another image she wanted made into a transfer, which was known as the GoForth logo.

After completing a rush job for Kleerekoper on another transfer order, Brown and Kleerekoper returned their attention to the Creekside and GoForth transfers. Brown emailed a sample of the transfers to Kleerekoper for her review. Kleerekoper responded saying: "I like the Creekside Cheer and GoForth. Can the

2

C on the cheer move over some? It looks too far away from the H." Kleerekoper then agreed to pay Brown $10.50 each for 23 Creekside Cheer transfers and $13 each for nine GoForth transfers.

On October 2, 2007 Brown, Kleerekoper, and Kleerekoper's husband met at a restaurant in Houston to complete the transfer. Brown gave Kleerekoper the transfers and Kleerekoper gave Brown a check for $358 dollars.

Kleerekoper testified that when she got home and looked more closely at the Creekside Cheer transfers, she decided that they did not meet her specifications, so, after trying to reach Brown on the telephone, she placed a stop payment on the check the following day.

The parties then began a series of email exchanges with Kleerekoper offering to pay for the GoForth transfers and Brown demanding full payment for all of the transfers. There was a dispute over whether Kleerekoper decided that she did not want the Creekside Cheer transfers because they were non-conforming or because she had lost the sale she had planned for them.

Brown testified that, unable to resolve the issue, he sent Kleerekoper a letter via certified mail demanding payment, along with an itemized invoice. Kleerekoper did not respond, and two years later Brown filed suit alleging breach of contract, as well as theft of property and theft of services under the TTLA. After a jury trial, the trial court awarded the Brown $20 on his theft-of-services

3

claim and $242 on his breach-of-contract claim against Kleerekoper. Because the jury found against Brown on his theft-of-property claim, the trial court awarded Kleerekoper $7,747.14 in attorney's fees as the prevailing party on that claim.

## MOTION FOR SUMMARY JUDGMENT

In his first issue on appeal, Brown contends that the trial court erred when it denied him summary judgment on his theft-of-property claim. Essentially, Brown claims that he proved his entitlement to recovery on that issue as a matter of law.

As a general matter, appellate courts do not have jurisdiction to hear the denial of a motion for summary judgment on appeal.[1] *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *Cullum v. White*, No. 04–09–00695–CV, 2011 WL 6202800, at *12 (Tex. App.—San Antonio Dec. 14, 2011, pet. denied). In any event, the denial of a motion for summary judgment is not reviewable after a trial on the merits. *See Ackermann*, 403 S.W.2d at 365; *Cullum*, 2011 WL 6202800, at *12. Here, Brown received a trial on the claims for which summary judgment was denied. Thus, the denial of Brown's motion for summary judgment prior to the underlying trial on the merits presents nothing for our review.

---

[1] There are limited exceptions to this rule. A party may appeal a denial of a motion for summary judgment (1) when both parties move for summary judgment, and the trial court grants one motion but denies the other, resulting in a final judgment, *Comm'rs Court of Titus Co. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997), and (2) for certain types of cases listed in chapter 51 of the Texas Civil Practices and Remedies Code, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) & (6) (Vernon Supp. 2012). This case does not fall within these exceptions.

Accordingly, we overrule Brown's first issue on appeal.

## MOTION FOR JNOV

In his second issue on appeal, Brown contends the trial court erred in overruling his motion for JNOV. Brown argues that the trial court should have disregarded the jury's negative finding on his theft-of-property claim in light of its positive finding on his theft-of-services claim.

As the party seeking recovery on his theft-of-property claim, who therefore carried the burden of proof, *see Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991), Brown must demonstrate on appeal that the evidence conclusively established all vital facts in support of his claim as a matter of law. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *accord Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 786 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("A trial court may disregard a jury's negative finding and substitute its own affirmative finding only if the evidence conclusively establishes the affirmative finding."). In reviewing a legal-sufficiency challenge by the party who had the burden of proof at trial, the dispositive inquiry is whether the record establishes a proposition that contradicts the jury's finding as a matter of law. *See Sterner*, 767 S.W.2d at 690. Only then may we sustain the legal-sufficiency challenge. *See id.*

In applying the legal-sufficiency standard, we must credit evidence that supports the judgment if reasonable jurors could credit that evidence, and we must disregard contrary evidence unless reasonable jurors could not disregard that evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Accordingly, we review the evidence in the light most favorable to the verdict, but disregard all contrary evidence that a reasonable jury could have disbelieved. *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (citing *City of Keller*, 168 S.W.3d at 812). If the evidence falls within the zone of reasonable disagreement, we may not invade the role of the fact-finder, who alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *City of Keller*, 168 S.W.3d at 822.

The Texas Theft Liability Act permits a civil cause of action for damages against a party who commits theft via any of the numerous methods defined under the Texas Penal Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.001–.005 (Vernon 2011). Under the theory applicable to the present cause of action, Brown must prove the defendant unlawfully appropriated the plaintiff's property with intent to deprive the plaintiff of the property and the plaintiff sustained damages. *See id.* §§ 134.002, .003; TEX. PEN.CODE ANN. § 31.03(a) (Vernon Supp. 2012).

The jury charge on the theft-of-property claim provided:

6

Did Defendant Janet Kleerekoper unlawfully appropriate either the Creekside Cheer transfers or the GoForth transfers, by taking such transfers without Plaintiff Tracy Brown's effective consent?

"Without effective consent" means one of the following:

> (1) **No consent.** The plaintiff may prove that he did not consent to the appropriation. Consent is assent in fact, whether express or apparent.

> (2) **Ineffective consent.** The plaintiff may prove that, although he consented to the defendant's taking of the property, the consent was ineffective because it was induced by deception.

> You are instructed that "deception is promising performance that is likely to affect the plaintiff's judgment in the transaction and that the defendant does not intend to perform or knows will not be performed. However, the defendant's failure to perform the promise, without other evidence of intent or knowledge, is not sufficient to prove the defendant did not intend to perform or knew the promise would not be performed.

Answer "Yes" or "No" for each of the following

Creekside Cheer Transfers          Answer:     No

GoForth Transfers:                 Answer:     No

In this case, the challenged element is whether Kleerekoper unlawfully appropriated the rhinestone transfers because Brown's consent in giving her the transfers was ineffective, i.e., induced by deception. "Deception" as defined in the charge means that Kleerekoper never intended to pay for the transfers and knew

7

that she would not be able to pay for them at the time she entered into the contract. *See Daugherty v. State*, 387 S.W.3d 654, 661 n.23 (Tex. Crim. App. 2013); *see also* TEX. PENAL CODE ANN. § 31.01(1)(E).

Here, Kleerekoper testified, "When I purchased the transfers from Plaintiff Brown, I had every intention of paying him in full for the product . . . He simply did not provide the product for which I bargained[,]" and "I did not 'steal' the transfers as Plaintiff Brown alleges. He simply did not tender goods that conformed to the agreement." Kleerekoper also testified that she offered to pay for the GoForth transfers that she believed conformed to the contract specifications and that she would have returned the Creekside Cheer transfers that she believed did not conform to the contract specifications, but Brown insisted on "all or nothing." From this evidence, the jury could have rationally concluded that Kleerekoper intended to pay for the transfers at the time she entered into the contract for them, thus Brown's consent was not induced by deception as defined in the charge and section 31.01(1)(E) of the Penal Code. That she ultimately did not pay is not legally sufficient evidence to prove that she never intended to pay. *See* TEX. PENAL CODE ANN. § 31.01(1)(E) ("The defendant's failure to perform the promise, without other evidence of intent or knowledge, is not sufficient to prove the defendant did not intend to perform or knew the promise would not be performed").

8

However, Brown argues that, because he proved and recovered on his theft-of-services claim, he necessarily proved and should also have recovered on his theft-of-property claim. We disagree because the elements of the offenses are completely different.

The jury charge on the theft-of-services claim provided:

Did Defendant Janet Kleerekoper intend to avoid payment for the service rendered by Plaintiff Tracy Brown by intentionally or knowingly securing the performance of said service by agreeing to provide compensation to Plaintiff Tracy Brown and, after the services was [sic] rendered, failed to make payment to Plaintiff Tracy Brown after receiving notice demanding payment?

Answer "Yes" or "No"

Answer:    Yes.

This jury question is based on section 31.04(a)(4) of the Penal Code, which provides: "A person commits theft of service if, with intent to avoid payment for service that the actor knows is provided only for compensation . . . the actor intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment." TEX. PENAL CODE ANN. § 31.04(a)(4). The theft-of-services claim is based on securing performance of services by promising to pay for them, then avoiding payment for the services after receiving notice demanding payment.

9

Based on the evidence it heard, the jury could have believed, and apparently did believe because it answered the question in Brown's favor, that Kleerekoper secured Brown's service in creating the designs by promising to pay for the service, then avoided payment after receiving Brown's notice demanding payment.

The two TTLA offenses are completely separate. One focuses on services, i.e., the work spent designing the transfers, and the other focuses on the property, i.e., the transfers themselves. The theft-of-property claim required deception as defined by section 31.01(1)(E), whereas the theft-of-services claim did not. The theft-of-service claim required a demand for payment, but the theft-of-property claim did not.

In short, it is not necessarily inconsistent that the jury found that Kleerekoper committed a theft of service, but did not commit a theft of property. Because the evidence did not conclusively establish that a positive finding on Brown's theft-of-property claim was required as a matter of law, the trial court did not err by refusing to set aside the jury's negative finding on that issue.

We overrule Brown's second issue on appeal.

## PREVAILING PARTY

In his third issue, Brown contends that "the trial court erred in granting attorney fees to Kleerekoper under the Texas Theft Liability Act [TTLA] because Brown is the 'prevailing party,' as defined by the supreme court in *Intercontinental*

10

*Group Partnership v. KB Home Lone Star L.P.*, 295 S.W.3d 651, 654 (Tex. 2009).

Specifically, Brown argues that "by successfully prosecuting the breach of contract and the theft of services claims, two claims out of three, Brown 'prevailed on the main issue, even though not to the extent of its original contention.'"

The Theft Liability Act provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (Vernon 2011). The award of fees to a prevailing party in a TTLA action is mandatory. *Peoples v. Genco Fed. Credit Union*, No. 10–09–00032–CV, 2010 WL 1797266, at *7 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.) (affirming summary judgment for defendant in a TTLA suit and remanding for fee award). The TTLA requires the court to award attorney's fees to a prevailing defendant "without any prerequisite that the claim is found to be groundless, frivolous, or brought in bad faith." *Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 686 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). Thus, we must decide whether Kleerekoper is a prevailing party under the TTLA when she prevailed on one TTLA claim, lost on another TTLA claim, and lost on a breach-of-contract claim.

11

In *Moak v. Huff*, No. 04-11-00184-CV, 2012 WL 566140, at \*11 (Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op.) the plaintiff prevailed on her DTPA claim against the defendant, but the defendant successfully defended herself against the plaintiff's TTLA claim. *Id.* at \*1. On appeal, the defendant argued that the trial court erred by not awarding her attorney's fees under the TTLA. *Id.* at \*9. The plaintiff, like Brown here, argued that a person does not "prevail in a suit" unless he is the "party in whose favor a judgment is rendered" and is "vindicated by the judgment." *Id.* at \*10. The plaintiff contended that to recover attorney's fees under the TTLA a party had to prevail not only on the TTLA cause of action, but on the suit as a whole. *Id.* The court of appeals disagreed, holding that "a person who prevails in a TTLA cause of action is entitled to recover the reasonable fees necessarily incurred prosecuting or defending that cause of action, even if the party is unsuccessful on other claims and counterclaims litigated in the same suit." *Id.* at \*11.

We agree with the San Antonio court that a party who prevails on a TTLA cause of action is entitled to recover attorney's fees, even though that party may not have prevailed on other causes of action asserted in the suit. Because Kleerekoper successfully defended herself on the theft-of-property claim under the TTLA, the trial court properly awarded her attorney's fees.

We overrule issue three.

12

# CONSTITUTIONALITY OF ATTORNEY FEE PROVISION IN TEXAS THEFT LIABILITY STATUTE

*Equal Protection*

In issues four, Brown contends that "the 'loser pay' provision of the Texas Theft Liability Act is unconstitutional, in that Brown, a pro se litigant, is being made to pay attorney fees under said act, but cannot collect such fees for his win under said act." Brown points out that both he and Kleerekoper prevailed on a TTLA claim, but that only Kleerekoper is allowed to recover attorney's fees. Brown argues that this violates the equal protection clauses of both the state and federal constitutions.

The principle of equal protection guarantees that all similarly situated persons should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 109 S. Ct. 3249, 3254 (1985); *see also Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 939 (Tex. 1998). A violation of the Equal Protection Clause may occur when the government discriminates against the members of a class of individuals who have historically suffered discrimination, i.e., a "suspect" class, or when the government impairs the members of a class from exercising a fundamental right. *Casarez v. State*, 913 S.W.2d 468, 473 (Tex. Crim. App. 1994). Generally, to establish an equal protection claim when a fundamental right or suspect class is not at issue, as here, a party must prove that he or she was treated differently than other similarly situated parties without a rational basis. *See*

*Cannady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App. 2000). We find two cases—one from the United States Supreme Court and one from the Texas Supreme Court—instructive in determining whether such a rational basis exists in this case.

In *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct. 1435 (1991) the United States Supreme Court considered whether an attorney who successfully represented himself in an action under § 1988 was eligible for attorney's fees under that statute. *See* 499 U.S. at 437, 111 S. Ct. at 1436. The Supreme Court reasoned that the word "attorney" "assumes an agency relationship" and that Congress's objective was to "enable potential plaintiffs to obtain the assistance of competent counsel." *Id.* at 435–36, 111 S. Ct. at 1437; *see also Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1290 (D.C. Cir. 1998) (refusing to award attorney's fees to a pro se attorney-litigant who prevailed on a Federal Freedom of Information Act claim). A pro se attorney-litigant, the Court opined, is bereft of the benefits an independent third party brings "in framing the theory of the case . . . and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." *Kay,* 499 U.S. at 437, 111 S.Ct. at 1438. The Supreme Court concluded that an award of attorney's fees to a successful pro se attorney-litigant would not serve "[t]he statutory policy of furthering the successful prosecution of meritorious claims" because it would

14

disincentivize attorneys "to retain counsel in every such case." *Id.* at 438, 111 S. Ct. at 1438; *Burka*, 142 F.3d at 1289.

The Texas Supreme Court cited and followed *Kay* and *Burka* in holding that a pro se attorney-litigant was not entitled to recover attorney's fees for successfully bringing a case under the Texas Public Information Act. *Jackson v. State Office of Administrative Hearings*, 351 S.W.3d 290, 300 (Tex. 2011). As the *Kay* court recognized, "The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." 499 U.S. at 438, 111 S. Ct. at 1438.

In these cases, the courts have articulated a rational basis for concluding that attorney's fees in cases involving similar statutes should not be awarded to pro se litigants, even in those cases where the litigant is actually an attorney. Because there is a rational basis for denying an attorney-litigant the recovery of attorney's fees, *a fortiori* a non-attorney-litigant should not recover attorney's fees. The statutory purpose of encouraging the prosecution of successful TTLA claims "is better served by a rule that creates an incentive to retain counsel in *every* such case." *Id.* (emphasis added).

*Open Courts*

In issue five, Brown also argues that the "loser pay" provision of the TTLA violates the Open Courts Provision of the Texas Constitution. Article I, section 13

15

of the Texas Constitution provides in part that "all courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due court of law." TEX. CONST. art. I, § 13. "The open courts provision includes at least three separate guarantees: (1) courts must actually be operating and available; (2) the Legislature cannot impede access to the courts through unreasonable financial barriers; and (3) meaningful remedies must be afforded, 'so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress.'" *Howell v. Tex. Workers' Compensation Comm'n*, 143 S.W.3d 416, 444 (Tex. App.—Austin 2004, pet. denied) (quoting *Tex Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex.1995)).

Brown argues that denying him attorney's fees under the statute violates the open courts provision because it impedes access to the court by imposing unfair financial barriers. However, as discussed above, the purpose of such attorney's fees statutes is not to impede access to the courts, but to increase access to the courts by making an award of attorney's fees to a litigant who might otherwise not be able to afford to hire an attorney to pursue a meritorious claim. An attorney would more likely take and successfully prosecute a meritorious claim under the TTLA because the statute provides that his fees would be paid by the losing party,

16

not his client. Thus, the TTLA attorney's fees provision actually increases rather than decreases a TTLA plaintiff's access to the courts.

In light of the above, we overrule Brown's fourth and fifth issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

17