

# NUMBER 13-18-00153-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MONICA GARCIA AND**
**FRANCISCO GARCIA,** **Appellants,**

**v.**

**AMBASSADOR REALTY GROUP,**
**NELDA GOMEZ BARRERA, REALTOR,**
**AND REYNALDO ORTIZ, BROKER,** **Appellees.**

---

On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellants Monica and Francisco Garcia appeal the trial court's final judgment in

favor of appellees Ambassador Realty Group, Nelda Gomez, and Reynaldo Ortiz

(collectively, Ambassador). By six issues, which we address as two, the Garcias contend

that the trial court should not have (1) denied their motion for summary judgment (issue one), and (2) rendered judgment, damages, attorney's fees, or costs in favor of Ambassador. We affirm.

## I.   SUMMARY JUDGMENT

By their first issue, the Garcias contend that the trial court should not have denied their motion for summary judgment because there is no written agreement authorizing Ambassador to collect a realty broker commission for the sale of property owned and sold by the Garcias. However, the denial of a motion for summary judgment is not reviewable after a trial on the merits. *Hines v. Comm'n for Lawyer Discipline*, 28 S.W.3d 697, 700 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (concluding that we have no jurisdiction to review a trial court's denial of a motion for summary judgment following a trial on the merits) (citing *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966)). Here, after the trial court denied the Garcias' motion for summary judgment, it held a trial on the merits. Accordingly, we overrule the Garcias' first issue.[1] *See id*.; *see also Garcia v. Perez*, No. 13-17-00673-CV, 2019 WL 2221674, at *3 (Tex. App.—Corpus Christi– Edinburg May 23, 2019, no pet.) (mem. op.) (rejecting the appellant's arguments that the trial court improperly denied his pre-trial motion for partial summary judgment because the trial court held a trial on the merits (citing *Lancer Ins. v. Garcia Holiday Tours*, 345

---

[1] We note that the Garcias acknowledge that issues 1 through 5 should have been "lumped" because they are all related to the trial court's denial of their motion for summary judgment. In fact, in their brief, the Garcias merely repeat verbatim their first issue in their second through fifth issues. Accordingly, as explained above, we lack jurisdiction over the trial court's denial of their motion for summary judgment; therefore, we overrule the Garcias' second through fifth issues. *See Hines v. Comm'n for Lawyer Discipline*, 28 S.W.3d 697, 700 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *see also Garcia v. Perez*, No. 13-17-00673-CV, 2019 WL 2221674, at *3 (Tex. App.—Corpus Christi–Edinburg May 23, 2019, no pet.) (mem. op.) (citing *Lancer Ins. v. Garcia Holiday Tours*, 345 S.W.3d 50, 59 (Tex. 2011); *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966)).

S.W.3d 50, 59 (Tex. 2011); *Ackermann*, 403 S.W.2d at 365)).

## II.   TRIAL ON THE MERITS

By their sixth issue, the Garcias contend that there was no evidence of fraud. Ambassador responds that the Garcias have failed to provide a record of the trial on the merits, and therefore, we must presume that the trial court's judgment was supported by sufficient evidence. We agree with Ambassador.

Here, the Garcias request that this Court review the sufficiency of the evidence presented by the parties at the trial on the merits; however, the Garcias did not request for the reporter to provide a record of the trial on the merits to this Court. The Garcias requested that the reporter include the record of the attorneys' closing argument; however, that record does not include the evidence presented.

In the absence of a reporter's record, "[w]e indulge every presumption in favor of the trial court's findings." *Bryant v. United Shortline Inc. Assur. Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 637 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding that the appellant had not met her burden of bringing forth a sufficient record demonstrating error by the trial court because she had not presented a record containing the trial court's ruling); *Willms v. Am. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order."); *see also Brazle v. Meadows on the Mews Owners Ass'n*, No. 14-10-01016-CV, 2011 WL 6141587, at *1 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, no pet.) (mem. op.) ("Unless an appellant arranges for the filing of a complete reporter's record (or partial reporter's record and accompanying statement of

3

issues), we must presume that the proceedings support the trial court's judgment.").[2]

Therefore, because we do not have the reporter's record, we have no way of ascertaining what evidence the trial court considered when it found that the Garcias committed fraud. We overrule the Garcias' sixth issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed the
19th day of December, 2019.

---

[2] The Garcias have filed a partial reporter's record of the proceedings occurring in the trial court, which only includes the record of the summary judgment hearing. In their request for the partial reporter's record, the Garcias did not include a statement of the points or issues to be presented on appeal. *See* TEX. R. APP. P. 34.6. Nonetheless, the record the Garcias provided on appeal is not pertinent to our review of their sixth issue claiming that the evidence admitted at the trial on the merits is insufficient.